Henderson, Judge.
 

 I concur in the opinion delivered by Judge Hall, that the rule for a, pew trial should be dis
 
 *492
 
 charged: for whatever may bo the consequence of an omission or refusal to obey the order of the Court to name or send out the witnesses, I think the Court is not authoris-ed to reject a witness offered at the proper time, because he was not sent out. This would add another objection on the score of incompetency, unknown in our law as far as 1 can discover. For I have never yet read or heard of a witness being rejected on that account; and it must be admitted that this motion is predicated on the supposed existence of such a rule. Were a prisoner to refuse to name his witnesses in order that they might be sent out, a Judge would hesitate much before he would direct a Jury to retire with-dut hearing such witnesses, if offered by the prisoner when called on to make his defence and offer his proofs. The law, and the Constitution which gives him a right to confront his accusers with witnesses and other testimony, would be a dead letter. Nor is it an answer to say, that this mode of reasoning would give a right of having witnesses introduced after the arguments were closed, and even the charge of the Judge delivered. This right, secured by law, must he. claimed at the proper time and stage of the trial; and that is, when the prisoner is called on to make his defence and offer his witnesses and proofs. And if it were in the power of Courts to prescribe rules for the introduction of witnesses, they might fritter down this privilege, or rather right, to nothing. The Courts may prescribe rules to carry the law into execution, but not to prevent its execution. They cannot, by their rules, exclude a party from a right, when that right is asserted at the time and in the manner contemplated by the law which gives that right j and the rule must work both ways: if the prisoner has the right, so has the State. I therefore think the Judge could not have refused the wit- ‘ ness because he was not sent out, and that on this point there is no ground for a new trial. I have examined the cases cited in Foster, 47, Chitty’s C. L. 189, Bac. Evidence, E. and Peake’s Evidence. They all speak of send
 
 *493
 
 ing out the witnesses as a common rule, but do not say what is the consequence of its violation
 
 ;
 
 not a hint as to its being a ground of rejection, or that a new trial shall be the consequence. J admit, if the Judge was bound to reject the witness, that a new trial should be granted, as the only effective corrective of the error.
 

 As to the other ground, that the Jury took refreshments, I think it has been settled right, that it vitiates the verdict only in those cases, where the refreshments are afforded by the party for whom they afterwards render their verdict: and it not appearing in this case, by whom the refreshments were furnished, the new trial cannot be granted.- J udgment of death must be pronounced against the prisoner.