JACKSON *v*. THE STATE.

LAUPHER *v*. THE STATE.

APPEAL from the *Delaware* Circuit Court.

PERKINS, J.—Prosecution for larceny. Conviction and sentence to the state prison.

We have carefully looked through the record of this cause, and find no error which will reverse the judgment below.

Numerous questions are raised, which have been lately ruled in so many cases, that it cannot be necessary to restate them here.

A couple of points will be noticed:

The Court directed the witnesses to be separated. The defendant retained one of his witnesses in the house, whereby he heard the testimony of the others. The Court,

on that account, refused to allow him to testify. This cannot be held error. It was matter in the discretion of the Court. It was for the Court to hear, or refuse to hear, the witness, as seemed best justified by all the circumstances, and no error could be assigned on its ruling upon the point. Perk. Pr. 274.

The indictment charged the defendant with stealing two horses. It appears in evidence that he stole, with the horses, saddles and bridles. It was claimed that there was a fatal variance. This was a mistake. The proof established the stealing of the articles charged in the indictment. This sustained the prosecution. The omission to include in the indictment other articles, stolen at the same time, and forming a part of a single offense, was for the defendant's benefit, if it had any bearing upon the case. It made the offense charged appear less aggravated than it really was, while the conviction or acquittal on the indictment as drawn, would bar another prosecution for the same larceny. The state cannot split up one crime and prosecute it in parts. A prosecution for any part of a single crime, bars any further prosecution based upon the whole or a part of the same crime. 2 G. and W. on New Trials, p. 55.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Nation* and *C. M. Anthony*, for the appellant.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.