HILLIARD PURNELL v. W. T. PURNELL.

*Verdict—Damages for Assault—Separation of Witnesses.*

1. The finding of a jury, in an action for damages for an assault, that the defendant acted in self-defence, renders the issue as to damages and the finding thereon immaterial.

2. The separation of witnesses by sending them from the court-room is not a matter of right. And even where such order is made, and one, who remained and heard the other witnesses, is permitted to testify, it was held that the granting a new trial is matter of discretion in the presiding judge, and not reviewable.

(*State* v. *Sparrow,* 3 Mur., 487, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of HALIFAX Superior Court, before *McKoy, J.*

The action was brought to recover damages for an assault and battery alleged to have been committed by the defendant upon the plaintiff. The defendant denied the assault as charged in the complaint, and pleaded that he acted in self-defence.

The following issues were submitted to the jury:

1. Did the defendant cut the plaintiff on the face with a knife?  Answer—"Yes."

2. Did the defendant do this act in self-defence?  Answer—"Yes."

3. How much damage is plaintiff entitled to recover for the assault?  "We respectfully ask for a judgment in favor of plaintiff for $22, it being the amount that the plaintiff stated he paid out for medicine and medical attention."

Before the evidence was offered to the jury, the plaintiff moved the court to have all the witnesses excluded from the court-room during the trial, which motion was granted, except as to the witnesses to character only, and refused it as to them.

Subsequently one Ponton, a witness for defendant, who had been summoned before the trial, and had remained in the court-room during the trial, was introduced by the defendant to testify to character only; and the plaintiff objected because the judge had refused to exclude him from the court-room during the trial; objection overruled, and plaintiff excepted.

The plaintiff moved for a new trial, upon the ground that the finding of the jury was inconsistent, and that the court erred in admitting the testimony of Ponton.  Motion overruled; judgment; appeal by plaintiff.

*Messrs. Mullen & Moore*, for plaintiff.
*Messrs. Day & Zollicoffer*, for defendant.

ASHE, J.  There is no force in either of the exceptions taken by the plaintiff.  After finding on the second issue that the defendant acted in self-defence, the issue as to damages was immaterial, and the finding upon that issue was also immaterial.  But we do not regard the response of the jury, to that issue, as assessing damages to the plaintiff.  They had found by their response to the second issue that the defendant was justifiable in what he had done, and consequently was not liable in any dam-

ages to the plaintiff; and the response to the third issue, in form, seems to be rather an expression of a wish, or a recommendation by the jury, that His Honor, if consistent with their finding, would give judgment for the plaintiff for the amount he had expended.

There is nothing in the other exception. The sending out of witnesses has never been recognized in this state as a matter of right belonging to the parties to an action, though it is the usual practice when requested. But even after such an order has been made, it is no cause for a new trial that a witness, who had not gone out, but remained, heard the other witnesses, and is afterwards permitted by the judge to be examined. *State* v. *Sparrow,* 3 Mur., 487. It is matter of discretion with the court and not reviewable. 1 Greenl. on Ev., §§431 and 432, and notes.

No error.                                                         Affirmed.