## O'BRYAN *et al.* v. ALLEN *et al.*, *Appellants.*

1. **Dower**: LANDS CLAIMED UNDER ORAL GIFT: PRACTICE. Plaintiff brought suit for dower, the petition stating that the father of her deceased husband had made to the latter, in his lifetime, an oral gift of the lands in which she claimed dower. The heirs of the alleged donor were made defendants, and the petition asked that the title be divested out of the heirs of said alleged donor and vested in the heirs of the alleged donee, and, also, that dower be assigned plaintiff. *Held*, that the decree, so far as it divested the title, and vested it in the heirs of the alleged donee, was erroneous, the latter having filed no answer, and having, therefore, asked no relief.

2. ——— : ——— : ———. It was not essential to plaintiff's right of dower that such divestiture should be made.

3. ——— : WIFE AS WITNESS. The plaintiff, although again married, and although her husband is a party to this suit, was competent to testify; she being the real party in interest, and not a party to the contract, which is the foundation of the suit.

4. ——— : ———. She could not, however, testify as to conversations of her former husband had with herself or third parties.

5. ——— : HUSBAND AS WITNESS. Where dower is sued for in the lands of the wife, her husband, who is made a co-defendant, has such a substantial interest in the suit as to render him competent to testify.

6. **Practice**: RULE EXCLUDING WITNESSES FROM COURTROOM. It is reversible error for the trial court to refuse to permit a witness to testify who has disobeyed its order excluding him from the court-room during trial, unless the party calling the witness, or his attorney, is a party or privy to the violation of the order.

*Appeal from Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*J. R. Walker* and *Douglas & Scudder* for appellants.

(1) Mrs. Harriet G. O'Bryan was incompetent as

O'Bryan v. Allen.

a witness. *Holman v. Bachus*, 73 Mo. 49; *Willis v. Gammill*, 67 Mo. 730; *Moore v. Wingate*, 53 Mo. 398; *Moore v. Moore*, 51 Mo. 118. (2) Henry M. Thomson was not a competent witness. *Dunifer v. Jecko*, 87 Mo. 282; *Bell v. Railroad*, 86 Mo. 599; *Wood v. Broadley*, 76 Mo. 23; *Joice v. Branson*, 73 Mo. 28; *Haerle v. Krehix*, 65 Mo. 202; *Paul v. Leavitt*, 53 Mo. 595. (3) The petitions in partition were competent evidence. *Anderson v. McPike*, 86 Mo. 293; *Dowzelot v. Rawlings*, 58 Mo. 75. (4) The court erred in not permitting the witnesses to testify, who had been placed under the rule excluding the witnesses. *Keith v. Wilson*, 6 Mo. 435; *Parker v. McWilliam*, 6 Bing. 683; *State v. Sparrow*, 3 Murph. 487; *State v. Brookshire*, 2 Ala. 303. (5) The general reputation in the community, as to the ownership of the farm, was competent evidence. *Gordon v. Ritenour*, 87 Mo. 54; *Conover v. Berdine*, 69 Mo. 125; *Dickerson v. Chrisman*, 28 Mo. 134; *Benoist v. Darby*, 12 Mo. 196. (6) To establish a trust in lands, the evidence must be so cogent as to leave no room for doubt. *Rogers v. Rogers*, 87 Mo. 257; *Modrell v. Riddle*, 82 Mo. 31; *Forrester v. Moore*, 77 Mo. 651; *Kennedy v. Kennedy*, 57 Mo. 73; *Ringo v. Richardson*, 53 Mo. 385; *Forrester v. Scoville*, 51 Mo. 268; *Woodford v. Stephens*, 51 Mo. 443; *Johnson v. Quarles*, 46 Mo. 423. And the same rule prevails in cases of specific performance. *Berry v. Hartzell*, 91 Mo. 132. (7) The proof in this case consists of loose declarations of Henry Bell, deceased, and are entitled to but small weight. *Modrell v. Riddle*, 82 Mo. 31; *Kennedy v. Kennedy*, 57 Mo. 73; *Ringo v. Richardson*, 53 Mo. 385; *Hugus v. Walker*, 12 Pa. St. 173; *Dragoo v. Dragoo*, 50 Mich. 573. (8) To take a case out of the statute of frauds, nothing is to be considered as a part performance which does not put the party in such a condition that a failure to perform would be a fraud on him. *Dickerson v. Chrisman*, 28 Mo. 134; *White v. Watkins*, 23 Mo. 423;

*Chambers v. Lecompte*, 9 Mo. 575; *Lodge v. Leverton*, 42 Tex. 18; 3 Pom. Eq. Jur., sec. 1409; 1 Story Eq. Jur. [9 Ed.] secs. 759, 761; Fry. on Spec. Perf. [2 Am. Ed.] sec. 388; *Lester v. Foxcroft*, 1 Lead. Cas. in Eq. [3 Am. Ed.] 723. (9) There was no change in the condition in life of Noah Bell. *West v. Bundy*, 78 Mo. 407; *Sitton v. Shipp*, 65 Mo. 297. (10) The evidence in this case is not sufficient to support the decree. *Dragoo v. Dragoo*, 50 Mich. 573; *Wright v. Wright*, 31 Mich. 380; *Foward v. Armstead*, 12 Ala. 124; *Eckert v. Mace*, 3 Pa. 364; *Eason v. Eason*, 61 Tex. 225; Waterman on Spec. Perf., sec. 285; *Hugus v. Walker*, 12 Pa. St. 173; *Poorman v. Kilgore*, 26 Pa. St. 365; *Shellhammer v. Asbaugh*, 83 Pa. St. 24; *Ackerman v. Fisher*, 57 Pa. St. 457; *Moore v. Small*, 19 Pa. St. 461; *Jones v. Tyler*, 6 Mich. 364.

*Cosgrove & Johnston* for respondents.

(1) The sole object of this suit was to have the dower of the widow of Noah Bell assigned. The prayer that the title should be vested in the heirs of Noah Bell was simply to have the record show to whom the land in controversy belonged—to remove the obstacles existing in the way of the relief sought. There was no misjoinder of causes of action. *McClurg v. Phillips*, 49 Mo. 315; *Grady v. McCorkle*, 57 Mo. 172; *State ex rel. v. Sappington*, 64 Mo. 20; *Hale v. Stuart*, 76 Mo. 20; *Savings Institution v. Collonious*, 63 Mo. 290; *Henderson v. Dickey*, 50 Mo. 161; *Devorse v. Snider*, 60 Mo. 235; *Dameron v. Jamison*, 4 Mo. App. 299; *McGlothlin, Adm'r, v. Hennery*, 44 Mo. 350; 1 Story's Eq. Jur. [12 Ed.] sec. 624, and notes; *Smith v. Smith*, 1 Wins. (N. C.) No. 2 Eq. 30. (2) The plaintiff, Harriet G. O'Bryan, was a competent witness. She was not "one of the original parties to the contract, or cause of action, in issue and on trial." The parties to that contract were

Noah D. Bell and Henry Bell, both now dead. This suit is between Harriet G. O'Bryan, as widow of Noah D. Bell, and the defendants as heirs of Henry Bell. *Chapman v. Dougherty*, 87 Mo. 617. She did not attempt "to testify to any admissions or conversations of her husband, whether made to herself or third persons." She was a competent witness as to the matter about which she testified. *Moore v. Wingate*, 35 Mo. 398; *Ruck v. Ashbrook*, 51 Mo. 539. (3) The defendant, Henry M. Thomson, was a competent witness. He had a substantial interest in the controversy as the husband of Clara D. Thomson, a co-defendant, who is an heir of Henry Bell and also of Noah Bell, and has an interest in said lands, in which her said husband by right of his marriage has also an interest. *McKee v. Cottle*, 6 Mo. App. 416; *Steffen v. Bauer*, 70 Mo. 399; *Cooper v. Ord*, 60 Mo. 420; *Bledsue v. Simmons*, 53 Mo. 305; *Fugate v. Pierce*, 49 Mo. 441; *Wilson v. Garaghty*, 70 Mo. 517; *Kanaga v. Railroad*, 76 Mo. 207; *Stephens v. Hume*, 25 Mo. 346; *Steffen v. Bauer*, 70 Mo. 405. Thomson is entitled to curtesy in his wife's interest in said land, although she may never have had actual possession thereof. *Reaume v. Chambers*, 22 Mo. 36; *Stephens v. Hume*, 25 Mo. 349. (4) The evidence in this case clearly proves all of the allegations contained in plaintiffs' petition, and entitles them to the relief asked. *Anderson v. Shockley*, 82 Mo. 250; *West v. Bundy*, 78 Mo. 407; *Halsa v. Halsa*, 8 Mo. 303; *Peters v. Jones*, 35 Iowa, 512; *Burkholder v. Ludlam*, 30 Gratt. (Va.) 255; *Hardesty v. Richardson*, 44 Md. 617; *Langston v. Bates*, 84 Ill. 524; *Story v. Black*, 5 Montana, 26. The widow in suit for assignment of dower is not held to strict proof of her husband's title. *Gentry v. Woodson*, 10 Mo. 224; 1 Scribner on Dower, 237; 2 *Ib.* 199. The plaintiffs' case is made out with reasonable certainty which is all that is required. Any other degree of certainty in a case of this kind is unattainable. *Neale v.*

*Neale*, 9 Wall. (U. S.) 1.   (5) The removal of Noah Bell with his family from Mississippi, where he was located, and where his wife's family and friends resided, was a very great change in his condition, and was a sufficient consideration to support the promise of his father to give him the land in controversy. *Halsa v. Halsa*, 8 Mo. 303; *West v. Bundy*, 78 Mo. 407.   (6) The trial court committed no error in refusing to allow defendants' witnesses, who had been excluded from the courtroom during the trial, and who had violated said rule, to testify. It was a matter of discretion with the court whether disobedient witnesses were examined or not. *State v. Fitzsimmons*, 30 Mo. 239; *State v. Hughes*, 71 Mo. 633; Greenl. on Evid., sec. 432.   (7) The general reputation in the community as to the ownership of the farm in controversy was incompetent evidence, and the trial court did not err in refusing to permit witnesses to testify to same.

BLACK, J.—This was a suit by Harriet O'Bryan and her present husband to have dower assigned in two hundred acres of land. The claim is, that Henry Bell made an oral gift of the land to his son, Noah D. Bell, the former husband of the plaintiff, Harriet. The three children of Noah D. Bell and the said Harriet are made defendants, but they do not make answer. The other defendants are the other heirs of Henry Bell, he being also dead when this suit was commenced. The court made a decree divesting the defendants, other than the three children of Noah D. Bell, of all title, and invested the same in these three children, and then caused dower to be assigned.

1.   So far as the decree invests the title in these three children it is erroneous. They ask and claim no such relief. Indeed, the evidence offered, but excluded, shows that they are entitled to no such relief. This

O'Bryan v. Allen.

portion of the prayer of the petition should be disregarded. If the plaintiff should be entitled to dower, it is not essential that title should be decreed in the heirs of Noah D. Bell. She can have her dower assigned without any such a decree, and let the defendants settle the title between themselves, as they see fit, as they seem to be doing by an amicable partition suit.

2. The objection made by the defendants, that the plaintiff, Mrs. O'Bryan, was incompetent to testify in her own behalf, was properly overruled. She was not one of the original parties to the contract or cause of action on trial. The original parties to that contract were Henry Bell and his son Noah D. Bell, both of whom are dead. Though she is a married woman and her husband is a party to this suit, still she is the real party in interest, and may testify. *Owen v. Brockschmidt,* 54 Mo. 288. It is not claimed that she can testify as to conversations of her former husband, made to herself or third parties. Such conversations and admissions are to be excluded, if offered.

3. Objection was also made, by the defendants who filed answer, to the evidence of Henry M. Thompson, one of the defendants, when called as a witness by the plaintiffs, on the ground that he was the husband of his co-defendant Clara. Mrs. Clara Thompson is a daughter of Noah D. Bell; and if this property belonged to her father, she inherited one-third, and if not, then she inherited one-ninth interest in this and other property from her grandfather; so that in any event she has an undivided interest in the land. If her husband has a substantial interest in the contest, then, he, too, is a competent witness. He has no interest in her real estate which he can convey by his individual deed; but he has the right to possess and enjoy the property, and this marital rihgt will be defeated to the extent that the land is set off to the plaintiff for her life. We think he is, therefore, not merely a nominal, but a substantial,

party to the suit, within the meaning of the following authorities: *Fugate v. Pierce*, 49 Mo. 441; *Cooper v. Ord*, 60 Mo. 428; *Steffen v. Bauer*, 70 Mo. 404.

4. At the request of counsel for some of the defendants, and before any evidence was heard, the witnesses then present were sworn, and were by the court directed to withdraw from the courtroom and not return until called. Mr. Stephens, one of the witnesses thus sworn for defendants, when called to the stand, stated that he had been in the courtroom, off and on, fifteen minutes, and that he had not understood the rule excluding witnesses from the room. The court refused to hear his evidence and defendants excepted. Other witnesses, not present when the rule was made and not sworn until called, were also excluded, one because he had been in the room less than five minutes, and another, though he heard none of the evidence, and no witness was on the stand whilst he was present.

The judge may, according to the weight of authority, in his discretion, order an examination of the witnesses out of the hearing of each other; and some of the authorities hold that it is discretionary with him, whether a witness shall be examined at all who has disobeyed the order; but it is believed that, to refuse to hear the evidence of a witness, who had disobeyed the order without fault on the part of the party calling him, would be reversible error, an unsound exercise of that discretion. The following extracts from the text-books will show the current of modern rulings: "A witness' testimony, it is true, will not be necessarily ruled out because he remains in court, even wilfully, after being ordered to withdraw; but he exposes himself, by his disobedience, to an attachment for contempt. But where the party calling the witness is to blame for the disobedience, then the witness may be excluded." 1 Whart. on Evid., sec. 491. "If a witness, who has

been ordered to withdraw, continue in court, it was formerly considered to be in the judge's discretion whether or not the witness should be examined. But it may be now considered as settled, that the circumstance of a witness having remained in court in disobedience to an order of withdrawal, is not a ground for rejecting his evidence, and that it merely affords matter of observation." 2 Phillips on Evid. 887. " A witness who disobeys such an order is guilty of contempt; but the judge cannot refuse to hear his evidence, although the circumstance is matter of remark to the jury." 2 Best on Evid. (Morgan's Notes), sec. 636.

Any other rule would put it in the power of a hostile witness to deprive a party of his evidence, and we conclude that the better rule is, that it is reversible error to exclude a witness who has disobeyed the order, unless the party or his attorney, calling the witness, has been party or privy to the violation of the order, and this conclusion we believe has the support of the following authorities : *Keith v. Wilson*, 6 Mo. 435 ; *Hubbard v. Hubbard*, 7 Ore. 42 ; *Hey v. Commonwealth*, 32 Gratt. 946 ; *Davenport v. Ogg*, 15 Kan. 363 ; *Bell v. State*, 44 Ala. 393. It is clearly shown that these witnesses were not in the courtroom by the connivance, knowledge, or consent of the defendants or their attorneys, and it was error to exclude the witness Stephens. The two other witnesses had no notice of the rule, and cannot be said to have disobeyed it; still it was error to exclude them, for it was stated and understood, when the rule was made, that there were other witnesses for the defence, not then present, who would be called. Other witnesses were also excluded, but we need not notice the rulings in respect of them.

The real merits of this case cannot be considered until all the evidence is in the record. The judgment is reversed and the cause remanded for trial anew. Ray, J., absent, the other judges concur