### E. W. RAYMOND v. D. NEWMAN.

(Decided March 15, 1898.)

*Payment, Application of—Statute of Limitations—*
*Trial—Instructions.*

1. Where a debtor, who owes the creditor two debts, makes a payment without directing its application, and the creditor makes no application before bringing suit, the law will make the application at the trial.

2. Where, in the trial of an action to recover an alleged debt of $1,116, it appeared that the plaintiff had lent to the defendant $800 in 1892, and $316 in 1893; that both loans had matured more than three years before suit was brought; that the defendant had paid $25 after the statute had run against the $800 loan only, but the application had not been directed by him nor made by the plaintiff, it was not error to refuse an instruction that there was no evidence that the payment was to be applied to either loan, and that plaintiff's claim was barred by the statute of limitations, since such request for instruction was based solely on the hypothesis of the existence of both debts, and that the Court could not apply the payment to either of them.

CIVIL ACTION tried before *Brown, J.*, and a jury at Fall Term, 1897, of CHOWAN Superior Court. The facts appear in the opinion. From a judgment for the plaintiff the defendant appealed.

*Messrs. Battle & Mordecai* for plaintiff.
*Messrs. J. H. Sawyer* and *Shepherd & Busbee* for defendant (appellant).

MONTGOMERY, J.: The plaintiff in his complaint alleged that in the month of November *1892*, he lent to the defendant the sum of $1,116; that in December *1896* the defendant paid to the plaintiff to be credited on the debt $25. The defendant denied that he borrowed the money from the plaintiff, denied the alleged payment,

and pleaded the Statute of Limitations to the demand of the plaintiff.   On the trial, the plaintiff testified that he lent the defendant $800 in *1892*, and $316 in February or March 1893, and that in the Fall of *1895* the defendant paid him $25. The defendant testified that he had never borrowed any money from the plaintiff, and that he did not make the payment of $25   It appears from the plaintiff's testimony that he made no application of the alleged payment to either one of the debts alleged to be due to him by the defendants.

No objection was made by the defendant to any of the evidence offered by the plaintiff, and no exception was made to any part of his Honor's charge to the jury. Two issues were submitted:   1. "Is defendant indebted to plaintiff; if so, in what sum ?"  2.  "If so, is said cause of action barred by the Statute of Limitations ?"   The defendant requested his Honor to charge "that there was no evidence tending to show that the $25 payment, in 1895, was to be applied either to the $800 loan or the $300 loan, and that the plaintiff's claim is barred by the Statute of Limitations, and the second issue should be answered yes.   The request was refused and the defendant excepted.   The $800 loan, upon the plaintiff's own testimony, was barred by the three years Statute of Limitation before the $25 was said to have been paid. The plaintiff said on the trial that he lent the money to the defendant in *1892*, and that the payment was made in the *fall of 1895*.   If he had shown that he had lent the money during or after the *fall of 1892*, then the statutory bar would not have arisen between the time of the loan and the time of the alleged payment.   But that he did not do.   All of that, however, would be immaterial if the defendant had owed the plaintiff only the debt of $800, and the jury had found that the payment

of $25 had been made at the time it was alleged to have been made, because this action was commenced within three years from the time of the alleged payment (within the statutory limit). But the plaintiff alleged that the defendant owed him *another debt* (the $316 loan) which was not, from the allegation of the complaint and the plaintiff's testimony if believed, barred by the Statute of Limitations. If the defendant had asked for an instruction to the effect that if the jury should find that the plaintiff lent the defendant $800 in *1892*, and $316 in February or March 1893, and that the $25 had been paid in the *fall of 1895*, then they should find that the Statute of Limitations was a bar to the $800 debt and that they should credit the $25 on the $316 debt, the question which the defendant's counsel argued here would have been presented. "All the courts agree that the party paying money may direct to what the application is to be made. If he waives his right, the party receiving may select the object of appropriation. If both are silent, the law will decide." *Jones* v. *U. S.*, 7 Howard, 686. The *law* will decide in North Carolina if the application is not made by the creditor, the debtor having given no direction, before suit brought. *Moss* v. *Adams*, 39 N. C., 42. But such was not the request of the defendant.

The instruction requested was based on the hypothesis of the existence of both debts, and that neither one was barred by the statute; and that, simply because the creditor had made no application of the payment before suit brought, therefore the Court could not order the application at the time of the trial to either debt. The instruction asked for was not based on the hypothesis that if the $800 debt was barred and the $316 debt not barred by the statute, therefore a payment made

without having been applied by the creditor, before action brought, had to be applied by the Court, and had to be applied to the debt not barred. The argument here by the counsel of the defendant was on that line, but the exception as presented in the record did not present that point. There was no error.

No error.