ELWOOD H. LEE v. T. J. THORNTON ET AL.

(Filed 10 October, 1917.)

1. Courts—Separation of Witnesses—Appeal and Error.

It is within the discretion of the trial judge to order a separation of the witnesses in the case, and, in the absence of abuse, is not reviewable on apeal.

2. Courts—Discretion—Separate Witnesses—Notice—Neglect of Counsel.

Where the judge has ordered a separation of the witnesses in the case on trial, and the attorney for a party has subpœnaed a witness, who, not having been notified, came into court and remained during the testimony of another witness, the neglect is that of the attorney to have had this witness notified; and not having done so, he is deemed to have waived his right to examine the witness in behalf of his client, and he may not complain that the judge, in the exercise of his discretion, refused to permit this witness to testify.

3. Same—Contempt of Court.

Where an order separating the witnesses at the trial has been made, and thereafter another witness has been subpœnaed, who, in ignorance of the order, attends and remains in court while another witness is testifying, he may not be adjudged in contempt of court, nor will abuse of discretion be attributable to the court in ignorance of the fact.

4. Constitutional Law—Witnesses—Separation—Defendant's Witnesses.

The constitutional right of a defendant to face the witnesses against him is not violated by the judge on trial of a civil action excluding the testimony of the defendant's own witness for remaining in court contrary to the court's order that the witnesses in the case be separated.

WALKER, J., concurring.

APPEAL by defendant from *Devin, J.,* at January Term, 1917, of WAKE.

*Peele & Maynard for plaintiff.*
*Douglass & Douglass and Armistead Jones & Son for defendants.*

CLARK, C. J. At the beginning of the trial the court made an order excluding all witnesses in this cause from the court room until called to the witness stand. When the witness, Dr. Pope, was called to the stand, objection was made, on the ground that he had remained in the court room during the examination of the witnesses, which he admitted in reply to a question by the court. The court found as a fact that "This witness, in violation of the instructions of the court to exclude all witnesses, came into the court room and remained here an hour during the examination of the defendant Mason (in whose behalf he was called as a witness). The court, in its discretion, declined to allow the witness to testify." The counsel for the defendants then stated that they proposed to introduce Dr. Pope as a witness for the defendant Thornton and not for the defendant Mason, who was testifying when the said Dr. Pope was in the court room. The court then stated it would allow the witness to testify as a character witness, if desired by the defendants, and allowed counsel to state what they proposed to prove by this witness. The defendants stated that they "proposed to prove by him that he was a practicing physician; had been in attendance on Jim Lee and saw him often about the time of the execution of the Mason and Thornton deeds; that he had frequent conversation with him in reference to the conveyance of his property; that his mind was clear in respect thereto, and that he knew what he was about, and that in his opinion he was competent in every respect to make a deed, and understood the value of his property."

It is of the utmost importance to keep the administration of justice pure at its source. When it is made to appear to the presiding judge that there is danger of the collusion of witnesses if allowed to remain in the court room, by hearing each other's testimony, it is within his discretion to direct the witnesses to be separated. This is a matter of which the presiding judge must judge, and except in cases of abuse of his discretion, such order is not reviewable. *S. v. Hodge,* 142 N. C., 682; *S. v. Lowry,* 170 N. C., 734.

No harm can come from separation of the witnesses, and much injury might result if it is not done when it is made to appear to the presiding judge that there may be collusion among the witnesses, tracking each other's testimony, like sheep jumping over a fence.

The objection that the defendants had the right to face the witnesses against them has no application, for this was a witness on their behalf. The law is thus summed up (38 Cyc., 1369) : "The separate examination of the witnesses at the trial is a matter within the discretion of the court, which may order witnesses to be separated and examined, each out of the hearing of the others, or that a witness be excluded while the deposition of another witness is read. The discretion of the court will

19—174

not be reviewed on appeal unless there is a manifest abuse thereof." It is further said: "As to whether a particular witness or witnesses should be released or excepted from the rule is within the sound discretion of the court. Where a witness is excused from the rule on the statement of counsel that he will not be called as a witness, it is not an abuse of discretion on the part of ·the court to decline to permit him to testify even as an impeaching witness. And where witnesses are put under the rule and excluded from hearing the testimony, there is no error in refusing to allow a physician summoned as a witness by defendant to hear plaintiff's testimony so that he may be used as an expert." These propositions are all sustained by numerous citations in the notes, and the last paragraph is almost the same proposition as in the case at bar.

There is no inherent right that witnesses may hear each other testify, and when the court thinks the interest of justice requires that by separation they should be prevented from doing so, lest there be collusion among them, the order must be obeyed, and if it is not, the court can enforce the protection against colluded testimony by excluding such witness from the witness stand.

This point was expressly passed upon and so held in *S. v. J. H. Hodge,* 142 N. C., 682, where the appellant was convicted of murder in the first degree, and this Court said: "We are asked to give a new trial, not for any material evidence excluded, but because the defense states that there was material evidence excluded by the exclusion of a witness who stayed in the court room contrary to the order of the court and without the knowledge of the court. . . . In an indictment for homicide in Massachusetts it was held, upon similar facts, that the exclusion of the witness was in the discretion of the court, though there the evidence was disclosed. *Commonwealth v. Crowley,* 168 Mass, 121. And the same was held in *S. v. Gesell;* 124 Mo., 531; Whart. Cr. Ev. (9 Ed.), 446; Greenl. Ev. (16 Ed.), 432c; *Holder v. U. S.,* 150 U. S., 91; *O'Bryan v. Allen,* 95 Mo., 75; *Jockson v. State,* 14 Ind., 327; *Bell v. State,* 44 Ala., 393; *Bird v. State,* 50 Ga.; 589." A writ of error in *S. v. Hodge, supra,* was applied for and refused by the United States Supreme Court.

*S. v. Hodge* was approved in *S. v. Lowry,* 170 N. C., 734, where the Court said: "The prisoners also except because, after the court had made an order that no witness for the State or for the prisoners should be allowed in the court room during the trial, a witness for the State who remained in the court room was permitted to testify.. The prisoners moved for a nonsuit on that ground, and also to set aside the verdict, and excepted to the denial of these motions. But it is a matter in the discretion of the court whether such witness shall be examined or not. 12 Cyc., 547. The same point was made in *S. v. Hodge,* 142 N. C., 676, and it was held that this was a matter which rested in the discretion

of the presiding judge. The same ruling was made in *S. v. Sparrow,* 7 N. C., 487, and *Purnell v. Purnell,* 89 N. C., 42, and is stated as settled law in the text-books. 1 Greenleaf Ev., secs. 431 and 432, and notes, and 2 Bishop New Criminal Proceedings (2d Ed.), secs. 1191 to 1193a."

"The exclusion of witnesses from the court room is a matter in the discretion of the court, and not a matter of right. It may be ordered by the court on its own motion, but it is usual for the State or defendant to ask for it." 12 Cyc., 546.

The defendants contend that this witness was summoned after the general order was given. The judge could not know that such witness was summoned or that he was in the court room, and the defendant was derelict, in that he or his counsel did not direct the officer, in summoning the witness, to inform him of the rule of the court excluding witnesses from the court room. If this negligence were tolerated, then such orders by the court could be easily evaded and made nugatory, and the desired protection of a fair trial vitiated.

The defendants further urge that if the order is disobeyed, there could be punishment for contempt. This witness could not be so punished, for the defendants did not notify him of the judge's order. And even where the witness knowingly disobeys the rule, this is no protection to the defendant who has lost his life or liberty, or to the State which has been baffled in the conviction of the guilty party, nor to either party in a civil action who has lost his property by a verdict procured by a collusion of witnesses who have defied the order of the court. It is futile for the court to have this power if it cannot exert it in the way necessary to prevent the miscarriage of justice by collusive evidence.

Certainly in this case there was no abuse of discretion shown, and the defendant waived the right to use the witness by not informing him of the rule of the court. Besides, the testimony which it is claimed that he would have given as to the mental capacity of Lee could have been given by any other person who knew him sufficiently well. *Clary v. Clary,* 24 N. C., 78.

The judge of a Superior Court is not a mere moderator to preserve order, but, as this Court has often said, he is an essential part of the trial. He is forbidden to express an opinion upon the evidence, but it is his duty to see that a fair and impartial trial is had, which is impossible if witnesses are allowed to sit in the court room and hear the testimony of other witnesses when the court adjudges that there is danger of collusion in their testimony by tracking each other. If a party permits his witness to remain in the court room after such order is made, or summons a witness thereafter without notifying him of such order, he not only is guilty of a contemptuous disregard of such order, but he waives

the right to put such witness on the stand. It is his own fault, and he has no cause to complain.

Upon consideration of all the exceptions, we find

No error.

WALKER, J., concurring: I joined *Justice Connor* in the dissenting opinion he filed in *S. v. Hodge,* 142 N. C., 676, and adhere to the views therein expressed, as applied to the facts of that case, but I think this case differs from that in the essential respect that here the disobedience of the witness to the order of the judge was caused by the fault of the defendant, whereas in *S. v. Hodge* this was not the fact. It is suggested by *Justice Connor,* in *S. v. Hodge,* that this would make a difference, and in such a case the general rule would not be followed, and authorities are cited, and quoted from, to show how the rule is thus qualified.

*Justice Connor* states, in the *Hodge case,* quoting from Elliott on Evidence, sec. 802: "While there is some conflict among the authorities whether a witness remaining in the court room should be permitted to give testimony, it is held in some jurisdictions that 'where a party is without fault, and a witness disobeys an order for exclusion, the party ought not to be deprived of the testimony of his witness. The latter view would seem to be the better—that is, if the party calling the witness had been guilty of no misconduct, a judge ought not to reject him. So, then in case of refusal by or failure of a witness to leave the room, the proper remedy would seem to be for the court to admit his testimony and punish the witness for contempt of court. Among many other authorities cited to sustain this proposition is *S. v. Sparrow, supra.* In this connection it may be well to note that the case cited in the opinion of *Jackson v. State,* 14 Ind., 327, came under review by the same Court in *S. v. Thomas,* 111 Ind., 516, *Judge Elliott* saying: 'Where a party is without fault, and a witness disobeys an order directing a separation of witnesses, the party shall not be denied the right of having the witness testify, but the conduct of the witness may go to the jury upon the question of his credibility,' citing Taylor on Evidence. 'But it seems to be now settled that the judge has no right to reject the witness on this ground, however much his willful disobedience of the order may lessen the value of his evidence,' also citing 2 Phil. Ex., 744, saying: 'But it may now be considered as settled that the circumstance of a witness having remained in court in disobedience to an order of withdrawal is not a ground for rejecting his evidence, and that it merely affords matter of observation.' *Thomas' case* was reaffirmed in *Taylor v. State,* 130 Ind., 66."

Following the trend of authority on this question, I am of the opinion that the dissent in the *Hodge case,* which received my concurrence,

LEE *v.* THORNTON.

should not apply here, because this case comes within the exception to the rule that a party who calls a witness who has disobeyed the order of the judge excluding him from the court room must be without fault himself in order to entitle him to demand that the witness be examined and his testimony heard in his behalf, the general rule being that he has the right to swear and examine a witness, and the foregoing authorities showing the qualification of it. It appears in this record that an order was made to exclude the witnesses from the court room, and that the witness in question, Dr. Pope, was subpœnaed after the order was made and the witnesses had retired, and after the subpœna was served upon him he entered the court room and stayed there during the taking of the testimony of one of the witnesses. It does not appear that when he was subpœnaed he was informed by the defendant of the order of the court or in any way apprised of the fact that all the witnesses were directed by the court to leave and remain away from the court room during the trial or during the taking of the testimony. If this had been done, we have no doubt that the witness in question would have complied with the order, and it was owing entirely to the fault of the defendant that the order of the court was not brought to his attention. It is not found as a fact in the case that he was intentionally allowed to enter the court room, nor do I think that it is necessary that such a fact should have been found. It is sufficient, under the foregoing authorities, that his entering and remaining in the court room were due to the fault of the defendant. We have held in numerous cases that a person may waive his constitutional rights either by not claiming or insisting upon them (*Driller Co. v. Worth,* 117 N. C., at p. 515, and cases cited in the annotated edition), or he may waive them by such conduct during the course of the trial as would be inconsistent with any assertion of them, as will appear by the above-cited case and those which have approved it. It may be that the defendant did not know of the presence of the witness in the court room, and very probably that is the case, but he was there, so far as appears, by the fault of the defendant in not giving him proper notice of the previous order made by the judge. Where a party is not in fault, I still adhere to the rule as laid down by *Justice Connor* in the *Hodge case,* and to which I gave my assent at the time. I think it proper to say this much, in order to show the difference between the *Hodge case* and the case at bar, for in the former the defendant was not at fault, while in this case there is evidence sufficient to justify the inference that the presence of the witness was due to the fault or omission of the defendant; and as there is a presumption that the ruling of the court below is correct, if the defendant was not in fault, the fact should have been shown by him. As the case now stands, without any finding of

facts by the court in reference to this matter, we must assume that his Honor based his ruling upon the fact that the defendant was not entitled to be heard through his witness, because he was not without fault in the premises.