STATE OF NORTH CAROLINA v. HAROLD LAWSON CARSWELL

No. 7927SC2

(Filed 17 April 1979)

1. **Homicide § 12— defendant's county of residence—incorrect allegation—no fatal defect**

    In a prosecution for second degree murder, the indictment was not fatally defective because it failed to allege correctly the residence of defendant, since defendant's county of residence is not an element of murder and is not required to be proved at trial.

2. **Criminal Law § 98.2— sequestration of witnesses—assistant district attorney's conversation with witness—no error**

    There was no merit to defendant's contention that he was entitled to a new trial because the assistant district attorney talked to a State's witness after the court had entered an order sequestering the witnesses, since there was no evidence that the assistant district attorney, who was entitled to talk to witnesses before placing them on the stand, attempted in any way to influence the witness as to his testimony.

3. **Criminal Law § 102.2— jury argument unsupported by evidence—court's interruption proper**

    The trial court in a second degree murder prosecution did not err in interrupting defense counsel's argument to the jury concerning the possibility that deceased had a gun when the fatal shot was fired, since there was no evidence, direct or circumstantial, that deceased had a gun in his possession at the time of the shooting.

4. **Criminal Law § 46.1— walking away from crime scene—flight—instruction proper**

    Where the evidence tended to show that defendant walked calmly, rather than ran, from the scene of the shooting, there was sufficient evidence to support an instruction on flight by the defendant.

APPEAL by defendant from *Friday, Judge*. Judgment entered 16 August 1978 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 29 March 1979.

Defendant was indicted for first degree murder of William Leslie Beane. The State placed him on trial for second degree murder, and upon conviction of that charge and a judgment of imprisonment, defendant appealed. We find no error in the trial.

Before pleading to the charge, defendant moved to quash the bill of indictment for the reason that it alleged defendant was "late of the County of Cleveland," when the evidence in support of the motion showed defendant lived in Caldwell County and had never been a resident of Cleveland. The motion was denied, and defendant entered a plea of not guilty.

The State's evidence tended to show that on 8 December 1977 William Leslie Beane was the manager of Hermies, a restaurant on King Street in Kings Mountain, North Carolina. About noon, Shirley Graham saw defendant come into the restaurant, approach the counter, and ask to speak to Beane. She told this to Beane, and he came toward defendant. The defendant asked Beane, "you don't know who I am, do you?" There was a loud noise, a shot, and Beane was then seen lying on the floor behind the counter. He had a red spot on his back. Beane had no weapons about him as he lay on the floor. It was stipulated Beane died from a gunshot wound that entered the chest and exited the left lower back.

After the shot, defendant was standing with a gun in his hand, lowering the gun to his side, with the smoke still spreading in a circular pattern. Defendant then calmly left the building, got in his blue GMC pickup truck and drove away. The defendant did not offer any evidence.

*Attorney General Edmisten, by Assistant Attorney General Rudolph A. Ashton, III, for the State.*

*Hamrick, Mauney & Flowers, by Fred A. Flowers, for defendant.*

MARTIN (Harry C.), Judge.

[1] Defendant argues several assignments of error. First, defendant contends the indictment is fatally defective in failing to cor-

rectly allege the residence of defendant. He relies upon the following portion of N.C.G.S. 15-144:

> Essentials of bill for homicide.—In indictments for murder and manslaughter, it is not necessary to allege matter not required to be proved on the trial; but in the body of the indictment, after naming the person accused, and the county of his residence, the date of the offense, the averment "with force and arms," and the county of the alleged commission of the offense, as is now usual, . . ..

This statute was adopted as Chapter 58, Laws 1887, and has remained basically unchanged. In 1890 the Court interpreted this statute in *State v. Arnold*, 107 N.C. 861, 11 S.E. 990 (1890), holding:

> As it may be desirable to settle what are the indispensable requisites of such indictments, it is proper to say that under the decisions and statutes the following is full and sufficient in the body of an indictment for murder: "The jurors for the State on their oaths present that A. B., in the county of E., did feloniously, and of malice aforethought, kill and murder C. D."

*Id.* at 863, 11 S.E. at 990-91. The Court did not include the defendant's county of residence as an essential part of the indictment. The statute states it is not necessary to allege matter not required to be proved on the trial. Defendant's county of residence is not an element of murder and not required to be proved at trial. The assignment of error is overruled.

Second, defendant contends the case should have been dismissed at the close of the State's case. The evidence, direct and circumstantial, is sufficient to carry the case to the twelve when considered in the light most favorable to the State. *State v. Bowden*, 290 N.C. 702, 228 S.E. 2d 414 (1976).

[2] Next, defendant contends he is entitled to a new trial because the assistant district attorney talked to a State's witness after the court had entered an order sequestering the witnesses. Defendant does not contend the substance of the conversation was prejudicial, nor is there evidence that the assistant district attorney attempted in any way to influence the witness as to his testimony. The purpose of a sequestration order is to prevent the

witnesses from hearing the testimony of other witnesses and colluding with each other. *Lee v. Thornton*, 174 N.C. 288, 93 S.E. 788 (1917); *State v. Sings*, 35 N.C. App. 1, 240 S.E. 2d 471 (1978). Attorneys, including the district attorney and his assistants, are entitled to talk with witnesses before placing them upon the witness stand. The assignment of error is without merit.

[3] Fourth, defendant states the court erred in interrupting his counsel during his argument to the jury. Counsel in substance argued that the jury could by conjecture infer that the deceased had the gun when the shot was fired. There was no evidence, direct or circumstantial, that Beane ever had a gun in his possession at the time of the shooting. Senior Associate Justice Higgins said in *State v. Smith*, 279 N.C. 163, 166, 181 S.E. 2d 458, 460 (1971), "[I]t becomes the duty of the trial judge to intervene to stop improper argument and to instruct the jury not to consider it." The judge has a duty to do so on his own motion. By so doing, the trial judge did not express an opinion on the evidence. The assignment of error is overruled.

[4] Last, defendant objects to portions of the court's charge to the jury with respect to the instructions on flight by the defendant, intent, the burden of proof on intent, and acting in the heat of passion upon adequate provocation. We find no error in the charge. There was sufficient evidence to support an instruction on flight by the defendant. Merely because he left the scene calmly rather than running does not eliminate the issue of flight. If there is some evidence in the record reasonably establishing the theory of flight by defendant after commission of the crime charged, the instruction is proper. See the analysis of this subject by Justice Copeland in *State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977).

The court's instruction on intent is substantially the same as that approved in *State v. Cauley*, 244 N.C. 701, 94 S.E. 2d 915 (1956). Intent is a mental attitude, and ordinarily must be proven by circumstantial evidence, that is, by proving facts and circumstances from which the intent may reasonably be inferred. *Id.*

The court's instruction as to the defendant acting in the heat of passion upon adequate provocation, if erroneous, was error against the State and in no way prejudicial to the defendant. It was given in submitting the lesser included offense of voluntary manslaughter to the jury as a possible verdict. If there was no

evidence defendant acted in the heat of passion, the court may have erred in submitting voluntary manslaughter as a possible verdict, but such error was in defendant's favor and he is in no position to complain. *State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973).

Defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and ERWIN concur.