STATE OF NORTH CAROLINA v. VERNON DOMAN WILLIAMSON

No. 8426SC382

(Filed 2 April 1985)

**1. Larceny § 7.4— doctrine of recent possession—evidence sufficient**

    The trial court properly allowed the jury to rely on the doctrine of recent possession and the evidence was sufficient to support defendant's convictions for felonious breaking or entering and felonious larceny where defendant was seen in the vicinity of the house which was broken into carrying a brown radio under his arm and a silver portable radio with a broken speaker by the handle, those radios matched the description of the radios identified as the only items missing from the house, and the occupants of the house testified that they had listened to one radio and that the other had been on a bookcase the morning of the larceny.

**2. Arson and Other Burnings § 4.2— evidence insufficient—inference on inference**

    There was insufficient evidence to sustain defendant's arson conviction where the jury had to first infer that defendant was in the building based upon his possession of the stolen radios, and from that infer that he willfully and wantonly set the house on fire.

**3. Criminal Law § 98.2— witnesses conferring after sequestration—no evidence of collusion—no error**

    The court did not err by allowing three of the State's witnesses to confer together with the prosecutor after the court granted the parties' motion to sequester where one of the witnesses had testified and been dismissed, one had testified and was subject to recall but was never recalled, the third was approaching the end of his testimony, and there was no evidence of collusion.

APPEAL by defendant from *Burroughs, Judge.* Judgments entered 15 September 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 January 1985.

Defendant was indicted for and convicted of felonious breaking or entering and felonious larceny and one count of second degree arson. He was sentenced to three years for the breaking or entering and larceny convictions and to twelve years for the arson conviction.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

State v. Williamson

JOHNSON, Judge.

The State presented evidence tending to show that a fire broke out in the back bedroom of a house located at 1325 W. Sixth Street in Charlotte at approximately 2:00 p.m. on 3 June 1983. The occupants of the house, Mrs. Annie B. Thompson and her daughter, Edna Thompson, were away from the house when the fire broke out. Upon learning of the blaze, they returned to the house where they discovered the screen had been torn off the back window of the bedroom. They also discovered two radios were missing: Mrs. Thompson's brown, flat, eight to ten inch long clock radio, and her daughter's gray and silver portable radio, which was approximately eighteen inches long and had a broken speaker on one side. The daughter's radio had been in the back bedroom.

Mr. James Caraway, who reported the fire at approximately 2:15 p.m., testified that he saw defendant standing outside the house at 1325 W. Sixth Street some time before the fire started. Mrs. Edna Hyatt, a back door neighbor of the Thompsons, testified that she was at her clothesline in her back yard at approximately 2:00 p.m. on 3 June 1983 when she saw defendant walk through her back yard coming from Sixth Street carrying a small brown radio under one arm, and carrying a silver radio with a broken speaker, approximately eighteen inches long, by the handle. About five minutes later she heard the fire alarm.

Mr. Hunter Lacy, an expert in fire investigation, testified that in his opinion the fire started in the rear corner of the rear bedroom and that it had been intentionally set using a chemical accelerant. A chemist who analyzed charred wood fragments from the house testified that there were components of pine oil and gasoline in the fragments.

Defendant presented testimony from several witnesses that he was at the movies from approximately 12:45 p.m. to 7:00 p.m. on the date of the fire. Mr. A. P. Wilson, the owner of the house at 1325 W. Sixth Street, testified that Mrs. Thompson had had trouble with her son for breaking out windows in the residence and that she had taken out a warrant against her son a few months before. He also testified that there were broken windows in the front of the house as well as in the back bedroom. Officer

Lacy conceded on cross-examination that the fire could have started in a housecoat on the floor.

[1] Defendant contends that the evidence was insufficient to support defendant's conviction on any count because the court improperly allowed the jury to rely upon the doctrine of recent possession. The doctrine of recent possession is a rule of law which raises a presumption of one's guilt of larceny of goods through one's possession of those goods recently after the larceny. *State v. Bell*, 270 N.C. 25, 153 S.E. 2d 741 (1967). In addition, when there is sufficient evidence that a building has been broken into and goods taken therefrom, the doctrine raises a presumption from one's possession of such goods recently after the breaking and entering that such person broke and entered the building. *State v. Lewis*, 281 N.C. 564, 189 S.E. 2d 216, *cert. denied*, 409 U.S. 1046, 34 L.Ed. 2d 498, 93 S.Ct. 547 (1972). To invoke the doctrine the State must prove beyond a doubt that (1) the goods were stolen; (2) the goods were in defendant's custody and control to the exclusion of others and (3) defendant possessed the property recently after the larceny. *State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981). There must be clear and direct evidence of each of these elements. *See id.*

The State's evidence in the present case showed defendant was seen in the vicinity of the house which was broken into carrying a brown radio under his arm and a silver portable radio, approximately eighteen inches long, with a broken speaker, by the handle. These radios matched the description of the radios identified as the only items missing from the house. Mrs. Thompson testified that she had listened to her brown radio earlier that morning. Her daughter testified that her radio was on the bookcase when she left the house that morning at 10:30. The State, therefore, presented clear and direct evidence that defendant possessed stolen goods recently after the larceny. The evidence was therefore sufficient to support defendant's convictions for felonious breaking or entering and felonious larceny.

[2] The evidence, however, was not sufficient to sustain defendant's arson conviction. Arson is the malicious and willful burning of the dwelling house of another. *State v. Oxendine*, 305 N.C. 126, 286 S.E. 2d 546 (1982). To convict defendant of arson, the jury had to infer first that defendant was in the building based upon his

possession of the stolen radios, and from that infer that he willfully and wantonly set the house on fire. This the jury could not do. Such a stacking of inferences is not permissible. *See State v. Maines, supra.* As the District of Columbia Court of Appeals stated in *United States v. Carter*, 522 F. 2d 666, 679 (1975), "to allow the jury to infer from [the defendant's] possession of the recently stolen items that he attempted to burn the [building] would 'accord the evidence more than its natural probative force,' *i.e.*, the attempted burning, the inferred fact, is not, beyond a reasonable doubt, a corollary of possession of recently stolen property, the fact proved."

[3] Defendant's remaining contention is that the court committed prejudicial error by allowing three of the State's witnesses to confer together with the prosecutor after the court had granted the parties' motion to sequester the witnesses. The purpose of a sequestration order is to prevent the witnesses from hearing the testimony of other witnesses and colluding with each other. *State v. Carswell*, 40 N.C. App. 752, 253 S.E. 2d 635, *disc. rev. denied*, 297 N.C. 613, 257 S.E. 2d 220 (1979). At the time of the conference, one of the three witnesses had testified and had been dismissed; the second witness, Edna Thompson, had testified and was subject to recall but was never recalled; and the third witness, Mr. Lacy, the arson investigator, was approaching the end of his testimony. We can find no evidence of collusion. This contention has no merit.

For the foregoing reasons we hold the court erred in denying defendant's motion to dismiss the arson charge. In all other respects we find no error. The results are:

As to defendant's convictions for felonious breaking or entering and felonious larceny,

No error.

As to defendant's conviction for second degree arson,

Reversed.

Judges BECTON and MARTIN concur.