## NATIONAL LABOR RELATIONS BOARD v. QUALITY & SERVICE LAUNDRY, Inc.

No. 4983.

Circuit Court of Appeals, Fourth Circuit.

Nov. 6, 1942.

Fannie M. Boyls, Atty., National Labor Relations Board, of Washington, D. C. (Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, Gerhard P. Van Arkel, Assistant Gen. Counsel, and David Findling, Atty., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Louis A. Spiess, of Washington, D. C., and Walter L. Green, of Hyattsville, Md., for respondent.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board. The respondent is a laundry engaged in interstate commerce within our holding in N. L. R. B. v. White Swan Co., 4 Cir., 118 F.2d 1002, 1004. The Board found that respondent had interfered with, restrained and coerced its employees with respect to the exercise of rights guaranteed by Section 7 of the National Labor Relations Act, 29 U. S.C.A. § 157, had refused to bargain collectively with a union representing them and had caused and prolonged by unfair labor-

practices a strike on the part of its employees. It entered an order that respondent cease and desist from the unfair labor practices, that it bargain collectively with the union representing its employees and that it offer reinstatement to certain employees who had gone out on strike and make them whole as to any loss sustained by reason of failure to reinstate them upon application. Respondent posted notice, as required by the order, that it would not engage in the conduct from which it was required to cease and desist and that it would take the affirmative action required by the order. It did not, however, notify the Regional Director of the steps taken to comply with the order; and this proceeding for enforcement was accordingly filed.

■ We have carefully considered all points raised by the respondent and find them without merit. The findings of the Board as to unfair labor practices, refusal to bargain and the cause of the strike are supported by substantial evidence; and the relief ordered is clearly a matter within the Board's discretion. No purpose would be served by rehashing the evidence, which is fully analyzed in the Board's decision.

■■ Respondent complains of the order of reinstatement because of the showing of acts of sabotage committed during the strike, and because of the collection by employees after they had gone on strike of certain funds owing to respondent by its customers. The Board, however, refused to order the reinstatement of two employees as to whom unlawful conduct was shown; and there was no evidence connecting the others with sabotage or other unlawful conduct of that character. As to the collections by the employees, there was evidence that these collections were made by the employees because they had extended credit to the customers contrary to the company's rules and their liability therefor was covered by cash bonds which they had deposited with the company. A bona fide controversy existed as to what each of the employees should account for to the company, and it clearly appeared that the liability of any employee for the collections in question was more than covered by the cash bond which he had deposited. The Board found that these employees "acted in good faith and with color of legal right; and that the respondent does not plead their alleged wrong doing in good faith, but rather as a further device to avoid the consequences of its unfair labor practices". We cannot say that this finding is unsupported; and certainly we cannot say that under the circumstances the order of reinstatement was not within the power of the Board.

■ Respondent complains also of the action of the trial examiner in refusing, on its motion, to order a separation of witnesses or, in the language of the old cases, "to put the witnesses under the rule". It is well settled in courts of law that, whether witnesses are to be separated or "put under the rule", is a matter resting in the sound discretion of the trial court. Parker v. State, 67 Md. 329, 10 A. 219, 1 Am.St.Rep. 387; Lee v. Thornton, 174 N.C. 288, 93 S.E. 788; McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am.St.Rep. 25; Sanders v. Johnson, 6 Blackf., Ind., 50, 36 Am.Dec. 564; Roberts v. State, 100 Neb. 199, 158 N.W. 930, Ann. Cas.1917E, 1040; Squires v. State, 39 Tex. Cr.R. 96, 45 S.W. 147, 73 Am.St.Rep. 904. Cf. Hughes v. State, 126 Tenn. 40, 148 S.W. 543, Ann.Cas.1913D, 1262; 26 R.C.L. 1058; 64 C.J. 118. The same rule, we think, should be applied to hearings before the Board or its examiners.

Respondent acquiesced in the order of the Board by posting a notice to its employees in which it agreed to abide by the provisions of the order. It is not necessary to decide whether or not this is an acceptance of the order which precludes respondent from contesting its provisions, since we are of opinion that, independently of the posting, there is ample evidence to support it. It is not amiss to note, however, that our decree enforcing the order means no more than that we require respondent to do what in the notice it agreed to do and published to its employees and to the world that it intended to do. It should not object to carrying out its agreement thus publicly proclaimed.

Order enforced.