**NATIONAL LABOR RELATIONS BOARD**

v.

**SMITH et al.**

**No. 13742.**

United States Court of Appeals, Ninth Circuit.

Jan. 27, 1954.

A. Norman Somers, Asst. Gen. Counsel, National Labor Relations Board, George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Fannie M. Boyls, Wiley M. Craft, Attys., Washington, D. C., Thomas P. Graham, Regional Director, National Labor Relatins Board, Spokane, Wash., Abraham Siegel, Atty., National Labor Relations Board, Washington, D. C., for appellant.

Eli A. Weston, Boise, Idaho, for respondents.

Before STEPHENS, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

National Labor Relations Board is asking enforcement of its order requiring respondents to cease and desist from indulging in certain alleged unfair labor practices and to take specified affirmative action.

Violations of § 8(a) (1), (3) and (5) of the National Labor Relations Act were found by the Board.

Section 8(a) (1) and (5) was found to have been violated by respondents' refusal to bargain with International Association of Machinists, Local No. 1491, A.F.L., the duly authorized bargaining representative of its employees in an appropriate unit; a violation of § 8(a) (1) and (3) was found in the discharge of four employees because of their union and concerted activities; and a violation of § 8(a) (1) in that respondents interrogated its employees concerning their Union and concerted activities and threatened them with discharge should they be forced to negotiate with the Union.

Respondents in reply urge that the Board should not have taken jurisdiction inasmuch as the operation of its local business which is conducted in a restricted area does not meet any of the tests

established by the Board to bring the exercise of its jurisdiction into play.

They further contend that the appropriate unit for the purposes of collective bargaining consists of the employees of all the stores operated by them in its area. Further, that the statements made to employees which the Board found to be in violation of § 8(a)(1) were privileged under § 8(c) of the Act.

Respondents, a co-partnership comprised of Melvin R. Smith and Leighton G. Everly, sell at wholesale and retail automotive parts and accessories. They have one retail store in the state of Oregon and a wholesale warehouse and four retail stores in the state of Idaho. In 1951 they made purchases from more than 200 firms located outside the states of Idaho and Oregon. Shipments valued in excess of $360,000 were shipped to the Idaho stores from points outside Idaho and $7,000 worth of supplies were shipped to the Oregon store from outside Oregon. About twenty-five per cent of the purchases made by respondents were shipped direct to its retail stores and the remainder to its Caldwell, Idaho, warehouse for distribution to the separate stores. Shipments between the Oregon store and the Idaho operations amounted to $17,704.84.

The assertion of jurisdiction by the Board in the instant case is objected to on the ground that the dollar value of the business transacted does not meet the standard set-up in such cases as Stanislaus Implement and Hardware Co., Ltd., 1950, 91 N.L.R.B. 618; Hollow Tree Lumber Co., 1950, 91 N.L.R.B. 635; Federal Dairy Co., Inc., 1950, 91 N.L.R.B. 638; Dorn's House of Miracles, 1950, 91 N.L.R.B. 632; Green Bay Auto Parts Company, 1950, 91 N.L.R.B. 720.

The exercise of jurisdiction here is pursuant to a policy of the Board to act in cases where multi-state operations are involved. The Borden Company, Southern Division, 91 N.L.R.B. 628. The Board had legal power to take jurisdiction. We think its policy in relation to multi-state operations is reasonable. Such being the case the determination to exercise jurisdiction in the instant case was exclusively for the Board. N. L. R. B. v. Guy F. Atkinson Co., 9 Cir., 195 F.2d 141.

It is asserted by respondents that the appropriate unit for collective bargaining was the employees of all of the stores operated in the area, because they were all under the general supervision of co-partners Melvin R. Smith and Leighton G. Everly. Respondents insist that since the Board has considered their stores as a group for the purposes of determining jurisdiction it logically follows that the employees of the stores as a group should be the proper bargaining agent. As to this contention our review is confined to a consideration of whether or not the action of the Board was unreasonable or clearly arbitrary. N. L. R. B. v. Jones & Laughlin Steel Corp., 331 U.S. 416, 422, 67 S.Ct. 1274, 91 L.Ed. 1575. The operational scheme of the company places each store under the supervision of a store manager. There is no uniform wage schedule for all of them; no uniform closing hours. Each store fixes its closing hours to conform to the local custom among the stores' customers.

Respondents make a point of the fact that employees of various stores in the vicinity of Boise, Idaho, are at times concentrated at one of these stores for the purpose of taking inventory. We consider this circumstance of minor importance because such activity is carried on for only a day or so at a time. It does not appear that respondents have a central hiring system, but the divergent locations of its stores is significant. We might well say, as did the Board, that a bargaining unit composed of all the stores could be appropriate, but we are unable to say that the designation of the employees of one store as a bargaining unit was inappropriate inasmuch as it was a reasonable exercise by the Board of its discretion.

The evidence is sufficient to support the Board's finding of a violation

of § 8(a) (1) of the Act. The conduct and statements charged were coercive in character and such statements are not privileged under § 8(c).

Decree will be entered enforcing the Board's order as prayed.