216 F.2d 143
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Charles E. DABOLL, Jr., and Operative Plasterers' and Cement Masons' International Association, A.F.L., Local Union No. 797, Respondents.
 No. 14071.
 United States Court of Appeals Ninth Circuit.
 September 17, 1954.
 Rehearing Denied October 12, 1954.
 
 George J. Bott, Gen. Counsel, David P. Findling, Assoc., Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Samuel M. Singer, Abraham Siegel, Nancy M. Sherman, N.L.R.B., Washington, D. C., for petitioner.
 Bonner & Rittenhouse, Las Vegas, Nevada, for respondent.
 Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.
 ORR, Circuit Judge.
 
 
 1
 The National Labor Relations Board, after proceedings regularly had, found respondent Daboll and respondent Union guilty of unfair labor practices. Daboll is a plastering contractor who purchases lath and plaster, and recruits and supervises the workmen who do the plastering. During that part of 1952 preceding August 15th, the period during which the alleged unfair labor practices occurred, Daboll did work in California for which he was paid $27,484.42, and work in Nevada for which he was paid $323,000.00 The Board determined to exercise jurisdiction on the basis of a finding that Daboll was conducting a multi-state enterprise. This exercise of jurisdiction is challenged by respondents as unreasonable.
 
 
 2
 In making its determination to exercise jurisdiction the Board applied two tests. It found that the employer's operations affected commerce within the meaning of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. It concluded that jurisdiction should be exercised because the case came within the terms of the self-imposed rules which the Board has set up to govern the exercise of its jurisdiction.
 
 
 3
 Daboll imported materials valued at approximately $77,000 into Nevada during 1952. Respondents contend that the statutory grant of jurisdiction over unfair labor practices "affecting commerce" is subject to the rule of de minimis, and that imports worth $77,000 fall within that rule. We do not agree. N. L.R.B. v. Stoller, 9 Cir., 1953, 207 F.2d 305. The Board declines jurisdiction when in its opinion commerce is affected only by way of a direct inflow of goods and such inflow is less than $500,000. Federal Dairy, Inc., 1950, 91 N.L.R.B. 638. However, this self-imposed rule is not jurisdictional. The Board may properly exercise jurisdiction on grounds other than the direct inflow of goods.
 
 
 4
 The determination of when jurisdiction shall be exercised rests within the discretion of the Board. The courts will not disturb that discretion unless the Board has acted in violation of previously prescribed standards upon which the employer had a right to rely, and the disregard of which would lead to an injustice. We do not think such a result is present here. The Board had previously fixed as a yardstick for the exercise of jurisdiction the existence of a multi-state enterprise. The Borden Company, 1950, 91 N.L.R.B. 628. It is true that in cases where such a basis for the exercise of jurisdiction has been relied on operations in many states have been involved, for example, Arthur G. McKee & Co., 1951, 94 N.L.R.B. 399. In the instant case operations were conducted in two states only. However, in setting up the standard of a multi-state enterprise as a basis for the assertion of jurisdiction the Board made no specific declaration as to the number of states in which operations must be conducted. In the instant case they have said that two are sufficient. We cannot say that this ruling is unreasonable.
 
 
 5
 The Board found that respondent Daboll had violated § 8(a) (1) and (3) of the National Labor Relations Act, and that respondent Union had violated § 8(b) (1) (A) and (2). Some time in the month of January of 1952, the respondents entered into a collective bargaining agreement which was in force and effect on March 10, 1952, the date of the alleged unfair labor practices. The Board found the contract to be an illegal union security agreement.
 
 
 6
 Respondents contend that the contract and action taken by them pursuant thereto are protected by § 102 of the Labor Management Relations Act, 1947, 29 U.S. C.A. § 158 note, which provides, in part:
 
 
 7
 "* * * the provisions of section 8(a) (3) and section 8(b) (2) of the National Labor Relations Act * * * shall not make an unfair labor practice the performance of any obligation under a collective-bargaining agreement entered into prior to the date of the enactment of the Act, * * * unless such agreement was renewed or extended subsequent thereto."
 
 
 8
 Respondents attempted to establish that the contract which Daboll agreed to adopt on or about January 1, 1952, and which bore the date of January 1, 1951, had been in effect without change except as to wages since 1946. The terms of the January 1, 1951, contract were adopted by the respondents in an independent agreement which became the contract of the parties as of that date. It could have no such retroactive effect as to bring it within the protection of § 102.
 
 
 9
 By the terms of the agreement Daboll undertook to "require that all plasterers on the job shall be members in good standing of this Local Union," while the local union on its part agreed to furnish competent men. The agreement further provided that, "should an occasion arise wherein the Local Union is unable to furnish requested men within forty-eight hours after said requisition is placed, the employer shall be free to request men himself through other Local Unions, provided that the men have clearances from Local No. 797 before going to work."
 
 
 10
 On or about March 10, 1952, Clarence Sells and Wesley Sinclair were denied employment pursuant to the terms of this agreement in that, although members of another local, they had not and could not obtain a clearance from Local 797. The Board's determination that this action was pursuant to the terms of an illegal union security agreement which violated § 8(a) (3) of the Act is clearly correct. The action taken tended to encourage membership in Local 797 on the part of Sells and Sinclair, and in any event the enforcement of an agreement of the character existing between respondents violated § 8(a) (3). Radio Officers' Union of Commercial Telegraphers Union, A.F.L. v. National Labor Relations Board, 347 U.S. 17, 74 S.Ct. 323.
 
 
 11
 It is ordered that a decree be entered enforcing the order of the Board.