238 F.2d 195
 TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS LOCAL UNION
NO. 183, International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of
America, AFL, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 14779.
 United States Court of Appeals Ninth Circuit.
 June 14, 1956.
 
 Bassett, Geisness & Vance, Samuel B. Bassett, George H. Davis, Seattle, Wash., for appellant.
 Theophil C. Kamholz, General Counsel, David P. Findling, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, John Jay, Owsley Vose, Attorneys, N.L.R.B., Washington, D.C., for respondent.
 Before HEALY, LEMMON and FEE, Circuit Judges.
 LEMMON, Circuit Judge.
 
 
 1
 The Respondent's Trial Examiner issued his Intermediate Report in the above-entitled proceeding, finding that it would not effectuate the policies of the National Labor Relations Act, 29 U.S.C.A. 151 et seq., for the Respondent to accept jurisdiction in this case, and recommending that the complaint be dismissed in its entirety. The Respondent adopted the findings, conclusions, and recommendations of the Trial Examiner, in a modified form.
 
 
 2
 The Respondent stated that the employer, Homer W. Robinson, dba Alaska Beverage Co., is engaged in the manufacture, sale and distribution of carbonated beverages in Fairbanks, Alaska. During 1954, its purchases amounted to approximately $75,500, of which 95 per cent was obtained from outside the Territory. The employer's sales during the same period amounted to approximately proximately $226,000, all of which were made within the Territory.
 
 
 3
 Since the Intermediate Report was issued in this case, the Respondent's decision in Conrado Forestier, dba Cantera Providencia, et al., 111 N.L.R.B. 848, No. 141, decided March 4, 1955, was issued. In that case the Respondent made clear that its jurisdictional standards would be uniformly applied in the Territories as in the several States, saying:
 
 
 4
 'There is no question that the Employer's operations fail to meet any of the standards recently decided by the Board as necessary for the assertion of jurisdiction. The sole issue stems from the fact that the Employer's business is located in a Territory of the United States. Since the promulgation of the new jurisdictional standards, the Board has held where specially applicable rules have been established, similar enterprises situated in the Territories are required to conform to the same jurisdictional criteria as are applicable in the 48 States. (Cases cited.) In those earlier cases, the Board indicated that no exception as to the Territories was warranted; that the impact on commerce of business operations having their situs in the Territories is no greater than that of similar enterprises located in the 48 States. We believe that the same principle has application here. Accordingly, in the present case and in future cases the Board's entire jurisdictional standards will be uniformly applied in the Territories as in the several States.'
 
 
 5
 In the instant case, the Respondent reiterated its holding in Forestier, supra, saying that in that case 'the Board made clear that its jurisdictional standards would be uniformly applied in the Territories as in the several States'.
 
 
 6
 'Accordingly,' the Board concluded, 'as the (Employer's) operations fail to meet any of the Board jurisdictional standards, we find, for the reasons stated in the Canteria Providencia, that it would not effectuate the policies of the Act to assert jurisdiction in this case. We shall, therefore, dismiss the complaint (of the Regional Director) in its entirety'.
 
 
 7
 It should be noted that Member Murdock of the Respondent, in signing the foregoing decision in the instant case, directed 'attention to the fact that he dissented from the adoption of this policy of applying U.S. standards to the Territories in place of the Board's former plenary policy, in the Canteria Providencia case (supra)'.
 
 
 8
 We are in full accord with Respondent's view that the Board's authority to decline jurisdiction over business enterprises in the Territory operating wholly inside the Territory is consistent with the language of Section 2(6) of the Act, which includes within the definition of commerce 'trade * * * within * * * any Territory'. As stated in Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 616, 64 S.Ct. 1215, 1221, 88 L.Ed. 1488:
 
 
 9
 'Again in the National Labor Relations Act, Congress gave the Board authority to take such action 'as will effectuate the policies of this Act.' § 10(c), 49 Stat. 449, 454, 29 U.S.C. § 160(c), 29 U.S.C.A. § 160(c). The 'policies' of the Act were so broadly defined by Congress that the determination of 'the relation of remedy to policy is peculiarly a matter for administrative competence.' Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 194, 61 S.Ct. 845, 852, 85 L.Ed. 1271.'
 
 
 10
 The power to decline to exercise jurisdiction because of small impact upon commerce applies to commerce wholly within the territory.
 
 
 11
 In the instant case, we agree with the Respondent's conclusion not to assert jurisdiction, and its Decision and Order are affirmed.
 
 
 12
 JAMES ALGER FEE, Circuit Judge (concurring).
 
 
 13
 The result reached by the Trial Examiner, the Board and this Court is correct. However, confusion exists in terminology. Jurisdiction exists by statute.[1] Thereby the Board may consider any case as to a concern doing a substantial amount of business within a territory, irrespective of the impact thereof upon interstate commerce.[2] The Board had the power to act and adjudge in the instant case. But it is equally well established that the exercise of the admitted jurisdiction is not an imperative for the Board.[3] It has the power in administrative discretion to decline to act in a particular case if it believes an adjudication would not effectuate the policies of the National Labor Relations Act. The determination of the Board to accept or decline a particular case should be almost, if not absolutely, conclusive.[4] Comparable administrative discretion is exemplified by the District Attorney who decides whether or not to file an information or by the traffic policeman who ponders whether or not to give a ticket. The use of the phrase 'jurisdictional standards' is utterly misleading.[5] These expressions in the Board's opinions do not constitute a 'rule.'[6] If the Board were laying down a rule, it would be required to duly promulgate and publish the text in the Federal Register.[7] It is doubtful that such a 'rule' would be valid in any event. For it seems that, under the statute, the Board must exercise its discretion in each individual case whether to accept or decline.[8] The announcement in its decisions of certain criteria, which it will consider in exercising discretion, is eminently proper and gives fair notice.[9]
 
 
 14
 The only question for this Court is whether the Board actually exercised discretion instead of following some arbitrary rule of thumb. If discretion were in fact exercised even though standards previously announced were applied, this Court has no power to interfere, even though we might believe the facts here would require the acceptance of the case.
 
 
 15
 Unquestionably, the Board did exercise its discretion. The fact that in certain cases the Board has not felt bound to follow these standards as to territories slavishly is a circumstance which is almost conclusive.
 
 
 16
 The Board had the power, in its discretion, to refuse to consider this cause, and the dismissal of the complaint was proper.
 
 
 
 [1]
 29 U.S.C.A. § 160(a), National Labor Relations Act as amended by the Labor-Management Relations Act of 1947
 
 
 [2]
 National Labor Relations Board v. Fainblatt, 306 U.S. 601, 606-607, 59 S.Ct. 668, 83 L.Ed. 1014; National Labor Relations Board v. Townsend, 9 Cir., 185 F.2d 378, 382; Katz v. National Labor Relations Board, 9 Cir., 196 F.2d 411, 413
 
 
 [3]
 National Labor Relations Board v. Indiana & Michigan Electric Co., 318 U.S. 9, 63 S.Ct. 394, 87 L.Ed. 579; Haleston Drug Stores v. National Labor Relations Board, 9 Cir., 187 F.2d 418, 422; National Labor Relations Board v. Townsend, 9 Cir., 185 F.2d 378, 383; National Labor Relations Board v. Guy F. Atkinson Co., 9 Cir., 195 F.2d 141, 144
 
 
 [4]
 Cf. National Labor Relations Board v. Guy F. Atkinson Co., 9 Cir., 195 F.2d 141, where it is indicated that there are limits within which the Board must act
 
 
 [5]
 Indeed, it has been squarely held that these criteria are 'not jurisdictional.' National Labor Relations Board v. Daboll, 9 Cir., 216 F.2d 143, 144
 
 
 [6]
 5 U.S.C.A. § 1001(c)
 
 
 [7]
 29 U.S.C.A. § 156; 5 U.S.C.A. § 1002(a)(3); Hotch v. United States, 9 Cir., 212 F.2d 280. Cf. National Labor Relations Board v. Guy F. Atkinson Co., 9 Cir., 195 F.2d 150
 
 
 [8]
 Polish Nat. Alliance of United States v. National Labor Relations Board, 322 U.S. 643, 648, 64 S.Ct. 1196, 88 L.Ed. 1509; National Labor Relations Board v. Townsend, 9 Cir., supra
 
 
 [9]
 National Labor Relations Board v. Daboll, supra; National Labor Relations Board v. Cantrall, 9 Cir., 201 F.2d 853; Optical Workers Union v. National Labor Relations Board, 5 Cir., 227 F.2d 687. See 62 Yale Law Journal 116