**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HERALD PUBLISHING COMPANY OF BELLFLOWER, Respondent.**

**HERALD PUBLISHING COMPANY OF BELLFLOWER, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 15027.

United States Court of Appeals Ninth Circuit.

Dec. 27, 1956.

Theophil C. Kammholz, General Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman and James A. Ryan, Attorneys, N. L. R. B., Washington, D. C., for National Labor Relations Bd.

Peter M. Winkelman, Stanley N. Leland, Leland & Plattner, Los Angeles, Cal., for Herald Pub. Co.

Before POPE and LEMMON, Circuit Judges, and ROSS, District Judge.

PER CURIAM.

The Labor Board decided that the respondent in violation of § 8(a) (1) of the Labor Management Relations Act, Title 29 U.S.C.A. § 158(a) (1), had been guilty of certain unfair labor practices calculated to deter organizational activities by its employees and to coerce and restrain the employees in the exercise of certain rights guaranteed to them by § 7 of the Act. 29 U.S.C.A. § 157. At the hearing before the court the respondent conceded that if the Board had jurisdiction to entertain the proceeding and make the order, the evidence was sufficient to sustain the Board's findings of unfair labor practices. Respondent limited its opposition to the prayer for enforcement to the single argument that the Board lacked jurisdiction.

The respondent, a California corporation, is engaged in the publishing of a newspaper at Compton, California. The newspaper is a semi-weekly publication which appears in nine editions on Thursday and seven editions on Sunday. Its Thursday circulation is approximately 142,000 while the circulation of the Sunday issue is somewhat smaller. No copies are sent outside the State of California; however, the newspaper subscribes to and receives each week newsletters issued by the United Press, an interstate news service. The newspaper also advertises nationally sold products. Respondent's gross income for 1954 amounted to $1,714,377.68.

The contention of the respondent seems to be that its activities did not in any manner affect interstate commerce, and that its activities of procuring an interstate news service and its national advertising was so slight that it should be held that they were so insignificant as to come within the rule *de minimis*.

We think that the Board clearly had jurisdiction and that the claim that the case is one within the *de minimis* rule is without merit. See National Labor Relations Board v. Stoller, 9 Cir., 207 F.2d 305, (laundry purchased soap, paper and other supplies from outside the State amounting to $12,000 a year); National Labor Relations Board v. Daboll, 9 Cir., 216 F.2d 143 (plastering contractor imported materials valued at approximately $77,000 in Nevada during 1952). The determination that the respondent's activities did affect commerce was a matter within the discretion of the Board. National Labor Relations Board v. Smith, 9 Cir., 209 F.2d 905; National Labor Relations Board v. Howell Chevrolet Co., 9 Cir., 204 F.2d 79, affirmed 346 U.S. 482, 74 S.Ct. 214, 98 L.Ed. 215.

The record shows that after the acts complained of to the Board, but before the Board's final order, the Board in

**412**

Daily Press, Inc., 110 N.L.R.B. No. 95 (1954), enunciated a rule for use in future decisions, as follows: "We have, therefore, determined that in future cases, the Board will assert jurisdiction over newspaper companies which hold membership in or subscribe to interstate news services, or publish syndicated features or advertise nationally sold products, if the gross value of business of the particular enterprise involved amounts to $500,000 or more per annum". It will be noted that the respondent measured up to those tests. They were more restricted than the ones previously in effect at the time of the unfair labor practices here involved. Hence there is no problem here similar to that which arose in National Labor Relations Board v. Guy F. Atkinson Co., 9 Cir., 195 F.2d 141.

Decree will be entered enforcing the Board's order as prayed.