356 F.2d 464
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CARPENTERS LOCAL NO. 2133, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA, AFL-CIO, and Salem
Building and Construction Trades
Council, AFL-CIO, Respondents.
 No. 20324.
 United States Court of Appeals Ninth Circuit.
 Feb. 10, 1966.
 
 Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Atty., N.L.R.B., Washington, D.C. for petitioner.
 Donald S. Richardson, Green, Richardson & Griswold, Portland, Or., for respondents.
 Before HAMLEY, HAMLIN and ELY, Circuit Judges.
 
 HAMLEY Circuit Judge:
 
 1
 The National Labor Relations Board petitions for enforcement of its order requiring Carpenters Local No. 2133 (Union) to cases and desist recognitional picketing at the site where the employer, Leonard V. Ryan, was constructing a motel. Such picketing, the Board found, violated section 8(b)(7)(C) of the National Labor Relations Act (Act), 73 Stat. 544 (1959), 29 U.S.C. 158(b)(7)(C) (1964). Respondent Union opposes enforcement on the grounds that the Board improperly exercised jurisdiction, and that its finding of a violation of section 8(b)(7)(C) is not supported by substantial evidence.
 
 
 2
 Ryan is a Salem, Oregon residential builder who also owns all the stock and manages and controls Swept Wing Motel, Inc., in Albany, Oregon. In the construction and furnishing of the thirty-four units of this motel Ryan purchased $54,788.91 worth of materials which were shipped into Oregon from out-of-state sources. The Board held, in effect, that Ryan's operations as builder and furnisher of the motel in connection with which the indicated out-of-state materials were purchased, astisfied the Board's self-imposed and discretionary jurisdictional standard for non-retail establishments. See Siemons Mailing Service, 122 N.L.R.B. 81, 85.
 
 
 3
 The Union argues, however, that since Ryan is not engaged regularly in the motel construction business, but constructed this motel in order to operate it, the appropriate self-imposed and discretional jurisdictional standard is the Board's retail category, requiring a gross annual volume of business of at least $500,000, and a showing that more than twenty-five per cent of the guests are 'transient.'
 
 
 4
 Since during the time in question, Ryan was engaged solely in his capacity as a builder and furnisher of the motel, which was not yet in operation, the Borad did not abuse its discretion in using the non-retail standard.
 
 
 5
 The Union further argues that even if the Board's non-retail jurisdictional standard is applicable, the $50,000 minimum under that standard was not reached because more than half of the $54,000 out-of-state purchases were for motel cluded.
 
 
 6
 No authority is cited for excluding amount expended for furnishings and we perceive no good reason why they should be excluded. Ryan was engaged in the business of constructing and furnishing the motel when the picketing took place, and amounts expended for furnishings were thus a part of the described non-retail operation.
 
 
 7
 Moreover, with respect to both of these arguments, the Board was not bound to adhere to its self-imposed and discretionaly jurisdictional standard. See N.L.R.B. v. W. B. Jones Lumber Co., 9 Cir., 245 F.2d 388, 391; N.L.R.B. v. West Side Carpet Cleaning Co., 6 Cir., 329 F.2d 758, 760. Unless the maxim de minimis is applicable here, and there is no contention that it is, the Board's jurisdiction is not dependent upon any particular volume of interstate commerce. See N.L.R.B. v. Denver Building and Construction Trades Council, 341 U.S. 675, 684, 71 S.Ct. 943, 95 L.Ed. 1284; N.L.R.B. v. Herald Publishing Co., 9 Cir., 239 F.2d 410, 411; N.L.R.B. v. Stoller, 9 Cir., 207 F.2d 305, 307.
 
 
 8
 We hold that the Board had jurisdiction.
 
 
 9
 In arguing that the finding of a violation of the statute is not supported by substantial evidence, the Union calls attention to testimony indicating that the picketing was not recognitional in character, but was for the purpose of publicizing the fact that the employer did not observe area standards with respect to wage rates and finge benefits.[1]
 
 
 10
 The Union recognizes that the testimony of this point is in conflict, but asserts that the Board, for various reasons, should have credited the testimony favorable to the Union. The question of credibility, however, is for determination by the trier of fact. See N.L.R.B. v. Walton Mfg. Co., 369 U.S. 404, 407-408, 82 S.Ct. 853, 7 L.Ed.2d 829; N.L.R.B. v. U.S. Divers Co., 9 Cir., 308 F.2d 899, 905.
 
 
 11
 Apart from the matter of credibility, the evidence is ample to support the Board finding that the purpose of the picketing was to gain Union recognition. The sign carried by the picket said nothing about wages or fringe benefits, it advised only that Ryan was doing the work 'Non-Union.' While the Union did not tender a contract to Ryan, two different witnesses testified that a Union representative stated, in effect, that the Union wanted Ryan to sign a contract.
 
 
 12
 The Board order will be enforced.
 
 
 
 [1]
 Section 8(b)(7) only bans picketing which has an object of recognition or organization; and in the Board's view, picketing to induce an employer to raise wage rates to the scale provailing in the area need not be equated with on objective of recognition or organization