**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CARROLL–NASLUND DISPOSAL, INC.,**
**Respondent.**

**No. 20481.**

United States Court of Appeals
Ninth Circuit.

April 11, 1966.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Harold B. Shore, Attys., N. L. R. B., Washington, D. C., for petitioner.

Weston & Weston, Eli Weston, Boise, Idaho, for respondent.

Before MADDEN, Judge of the Court of Claims, and MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

The National Labor Relations Board seeks enforcement of its order issued against respondent May 25, 1965, as reported 152 NLRB No. 88. Respondent, an Idaho corporation, is engaged in the collection and disposal of garbage and refuse in Lewiston, Idaho, and Clarkton, Washington. The Board found, in agreement with the trial examiner, that respondent had violated section 8(a) (5) and (1) of the National Labor Relations Act, 49 Stat. 452 (1935), 29 U.S.C. 158 (a) (5), (1) (1964), by refusing to bargain collectively, by soliciting letters revoking union authorization and by granting unilateral wage increases at a time when it was obliged to bargain. The respondent filed no exceptions to the trial examiner's decision and does not here assert error with reference to these findings.

The trial examiner also concluded that "it would not effectuate the purposes of the Act to assert jurisdiction in the instant case because of the essentially local nature of respondent's operations." Both the general counsel and the affected union filed exceptions to this determination and the Board, contrary to the examiner, found that it would effectuate the purposes of the Act to assert jurisdiction. It is this determination which respondent here challenges.

Respondent points out the yardsticks which the Board has adopted for its determination as to whether a case is essentially local: $500,000 gross volume of business for a retail establishment, Carolina Supplies and Cement Co., 122 NLRB 88 (1958); and $50,000 outflow across state lines for a wholesale operation, Siemons Mailing Service, 122 NLRB 81 (1958). Respondent asserts that it is engaged in retail services and that the *Carolina Supplies* standard is not met here.

■■ There is no question but that the business activities of respondent have a sufficient impact on interstate commerce to involve the statutory jurisdiction of the Board. The question is whether the Board has violated its own self-imposed jurisdictional standards. It is settled law that the extent to which the Board chooses to exercise its statutory jurisdiction is a matter of administrative policy within the Board's discretion, NLRB v. Townsend, 185 F.2d 378 (9th Cir. 1950); and is not a question for the courts, NLRB v. Stoller, 207 F.2d 305 (9th Cir. 1953) cert. denied 347 U.S. 919, 74 S.Ct. 517, 98 L.Ed. 1074 (1954), in the absence of extraordinary circumstances, such as unjust discrimination, NLRB v. U. B. Jones Lumber Co., 245 F.2d 388, 391 (9th Cir. 1957). Such circumstances do not exist here.

Accordingly the order is entitled to enforcement. It is so ordered.