NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

CALIFORNIA INSPECTION RATING BUREAU, Respondent.

No. 77-3675.

United States Court of Appeals, Ninth Circuit.

Feb. 13, 1979.

---

Corinna L. Metcalf, Atty. (argued), Washington, D. C., for petitioner.

J. Richard Thesing (argued), of Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for respondent.

Before DUNIWAY and SNEED, Circuit Judges, and KELLEHER,* District Judge.

DUNIWAY, Circuit Judge:

The National Labor Relations Board seeks enforcement of its order requiring the California Inspection Rating Bureau to bargain with the Professional and Clerical Employees, Division of Teamsters Local 856, as the representative of certain of the Bureau's employees.

The Union won a Board conducted representation election, and the Bureau then refused to bargain with the Union in order to assert its defenses. These are (1) that the Bureau, which is now called Workers' Compensation Insurance Rating Bureau, is a "political subdivision" of the state of California, within the meaning of § 2(2) of the National Labor Relations Act as amended, (29 U.S.C. § 152(2)), and so exempt from the provisions of the Act, and (2), alternatively, that the Bureau's operations are so intimately connected with the State as to require the Board to decline jurisdiction over the Bureau.

These defenses were first asserted by the Bureau in opposition to the Union's petition for an election, and were carefully considered by the Board and rejected in a Decision and Direction of Election reported at 215 NLRB 780 (1974). The same defenses were again considered in a Decision and Order in the refusal to bargain case reported at 225 NLRB 870 (1976) and in a Supplemental Decision and Order in that case reported at 231 NLRB No. 75, (1977).

We are satisfied that the Board's findings of fact are fully supported by substantial evidence upon the record considered as a whole. The Board correctly applied the principles stated by the Court in *NLRB v. Natural Gas Utility District of Hawkins County, Tennessee,* 1971, 402 U.S. 600, 602–605, 91 S.Ct. 1746, 29 L.Ed.2d 206, in rejecting the Bureau's first defense. *See also, NLRB v. Natchez Trace Electric Power Ass'n,* 5 Cir., 1973, 476 F.2d 1042; *NLRB v. Randolph Electric Membership Corporation,* 4 Cir., 1965, 343 F.2d 60. The Board had jurisdiction over the Bureau for the reasons stated by the Board in its Decisions.

The Board has considerable discretion in deciding whether or not to exercise jurisdiction that it has. *NLRB v. W. B. Jones Lumber Co.,* 9 Cir., 1957, 245 F.2d 388, 390–91. For the reasons stated by the Board in its Decisions, we conclude that that discretion was not abused, and that the Board's decision to exercise its jurisdiction "has a reasonable basis in the evidence and is not inconsistent with the law." *NLRB v. E. C. Atkins & Co.,* 1947, 331 U.S. 398, 403, 67 S.Ct. 1265, 91 L.Ed. 1563.

The Board's order will be enforced.

---

* The Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.