HOTEL EMPLOYEES LOCAL NO. 255, Hotel Restaurant Employees and Bartenders International Union, and Hotel & Restaurant Employees and Bartenders International Union, AFL-CIO, Plaintiffs,

v.

Boyd LEEDOM, individually and as Chairman of the National Labor Relations Board, and Abe Murdock, Ivar Peterson, Philip Ray Rogers and Stephen Sibley Bean, individually and as members of the National Labor Relations Board, Defendants.

Civ. A. No. 134–56.

United States District Court District of Columbia.

Jan. 8, 1957.

Brown & Gettler, Cincinnati, Ohio, John E. McCarty, Washington, D. C., for plaintiffs.

Theophil C. Kammholz, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Arnold Ordman and John E. Jay, Attys., N. L. R. B., Washington, D. C., for defendant.

MORRIS, District Judge.

Plaintiff Hotel Employees Local No. 255, hereinafter referred to as "Local No. 255," is an affiliate of plaintiff Hotel and Restaurant Employees and Bartenders International Union, AFL-CIO, hereinafter referred to as the "International Union." On June 29, 1955, Local 255 filed a petition for representation on behalf of a group of employees of the Miami Beach Hotel Association (a trade association with a membership of more than 150 hotels in the Miami Beach,

Florida, area), hereinafter referred to as the "Hotel Association," with the Tenth Regional Office of the National Labor Relations Board, hereinafter referred to as the "Board," pursuant to the provisions of the National Labor Relations Act, as amended,[1] hereinafter referred to as the "Act," Section 9(c).[2] The Regional Director, without a hearing, on July 1, 1955, entered an order of dismissal, stating:

> "On October 26, 1954, the Board issued its Decision and Order in The Virgin Isles Hotel, Inc., case (110 N.L.R.B. No. 65) supplementing its recently announced standards for the assertion of jurisdiction and reiterating its long standing policy not to exercise jurisdiction over the hotel industry. Consequently, it does not appear that further proceedings are warranted inasmuch as it will not effectuate the policies of the Act to assert jurisdiction in this case."

Thereafter, at the request of Local 255, the Board reviewed the Regional Director's dismissal of the petition. Both Local 255 and the Hotel Association filed briefs and made oral arguments, and on August 26, 1955, the Board, one member dissenting, issued its decision, stating:

> "* * * the Board has carefully considered the appeal filed in this case and decided to sustain the Regional Director's dismissal of the petition on the ground that it would not effectuate the policies of the Act to assert jurisdiction over hotels.

Accordingly, the petition is dismissed."

A motion for reconsideration and a second motion for reconsideration were denied by the Board on October 10, 1955 and January 27, 1956, respectively. Meantime, on July 7, 1955, Local 255 had filed charges with the Regional Director of the Tenth Region, alleging that the Hotel Association and its individual members had engaged in unfair labor practices in violation of Section 8(1), (3) and (5) of the Act, and on August 30, 1955 (four days after the Board's decision in the representation proceeding), the Regional Director advised of his determination not to process the unfair labor practice charges, which action, on appeal, was sustained on October 14, 1955 by the General Counsel.

Asserting that the Board's decision is violative of their rights under Article I, Section 8, and the Fifth Amendment of the Constitution, and under the Act, plaintiffs seek a declaratory judgment to that effect and injunctive relief. The matter is now before the Court on motion of defendants for dismissal, or in the alternative for summary judgment, and on motion of plaintiffs for summary judgment.

■ The question of whether action, preliminary to unfair labor practice proceedings under Section 10 of the Act, plainly beyond the scope of statutory authority, whether by way of departure from statutory requirements or from those of due process of law, may be reviewed by the District Court in the exercise of its equity power has been de-

---

1. 61 Stat. 136, 29 U.S.C.A. § 151 et seq.

2. Section 9, in relevant part, provides:
   "(c) (1) Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—
   "(A) by an employee or group of employees or any individual or labor organization acting in their behalf alleging that a substantial number of employees (i) wish to be represented for collective bargaining and that their employer declines to recognize their representative as the representative defined in section

9(a), * * * the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof."

cided for this jurisdiction in the case of Farmer v. The United Electrical Radio & Machine Workers, 93 U.S.App.D.C. 178, 211 F.2d 36; see also DePratter v. Farmer, 98 U.S.App.D.C. 74, 232 F.2d 74, Fay v. Douds, 2 Cir., 172 F.2d 720, and Leedom v. International Union of Mine, Mill and Smelter Workers, 77 S. Ct. 154. No case has been submitted nor located by the Court in which determination was made under the equity powers of the District Court requiring the Board to take jurisdiction as to any industry where the Board had determined otherwise.

The Board has consistently asserted jurisdiction over labor disputes in the hotel industry in the District of Columbia (and originally, but which it recently withdrew, in the Territories), where it may exercise plenary jurisdiction. And it has consistently declined to assert jurisdiction over hotels located in the States. Plaintiffs here complain because of the exclusion of the hotel industry, and because they were not accorded a hearing by the Regional Director.

Respecting the last mentioned complaint, I do not think plaintiffs were prejudiced by the lack of a hearing at the lower level. They were permitted to file briefs before the Board when the matter was reviewed by it, and to make oral argument. In their argument they urged that the changes in the employer-employee relations in the hotel industry since the Board's consideration of the St. Louis Hotel Association case, 92 N.L. R.B. 1388, decided January 17, 1951 (wherein the International Union urged the Board to adhere to its precedent of declining to exercise jurisdiction), the present size of the industry, both as to number and income, and its impact upon commerce were such as to require the assertion of jurisdiction by the Board.

The question to be faced squarely by this Court, therefore, is whether the Board has the discretionary power to decline jurisdiction over the hotel industry.

■ There can be little, if any, question that the Congress intended to lodge in the Board, rather than in the courts, a determination of what employer-employee relationships so affect interstate commerce as to require the exercise of the powers granted to the Board, N. L. R. B. v. Stoller, 9 Cir., 207 F.2d 305, 307, certiorari denied 347 U.S. 919, 74 S.Ct. 517, 98 L.Ed. 1074, Optical Workers' Union v. N. L. R. B., 5 Cir., 227 F.2d 687, 691. Of course, such determination may not be arbitrary. Hence, the question resolves itself into whether or not the determination of the Board not to exercise its jurisdiction with respect to the hotel industry is or is not arbitrary and capricious.

■ The Board has, as heretofore stated, consistently taken the position since the enactment of the Taft-Hartley Act of 1947, and prior thereto, that the hotel industry, other than in the District of Columbia, and in certain instances in the Territories, does not have such impact on interstate commerce as to justify the exercise of the Board's power in view of the pressing demands upon the Board of other industries having greater impact upon interstate commerce. This established policy of the Board was not only well known and recognized in the industry, but also by organizations of employees, and was thoroughly approved by the International Union involved in the St. Louis Hotel case, supra. It is urged by the Board in the instant case that such established policy was also fully known to the Congress at the time of the enactment of the Taft-Hartley Act. While I agree with the plaintiffs that it may not be considered as part of the legislative history of the Act, it surely has very considerable weight on the question of whether or not the Board's action is arbitrary and capricious that one of the co-authors of the Taft-Hartley Act, Senator Robert A. Taft, stated on the floor of the Senate on August 30, 1949:

"* * * The Taft-Hartley law did not change in any way the language providing for the jurisdiction of the Board, or the general definition of interstate commerce * * *. It was not my intention in

1947, nor do I believe it was the intention of other members of the Committee on Labor and Public Welfare, to broaden or extend the jurisdiction of the Board in that respect. In fact, I feel very strongly that it should not be done. * * * A hotel performs its service within four walls. It ships nothing into commerce. It produces no goods for commerce. In my opinion the Act was never intended to cover the hotel industry." [Quoted from St. Louis Hotel Association case, supra, at p. 1390, citing Congressional Record, 81st Congress, First Session, pages 12,697 and 12,698.]

There is also judicial sanction for the exercise of such discretion as is here involved to be found in the case of N. L. R. B. v. Townsend, 9 Cir., 185 F.2d 378, at page 383:

"Providing the Board acts within its statutory and constitutional power it is not for the courts to say when that power should be exercised. Many factors such as lack of funds or the imminence of a more drastic disruption of commerce in another industry might dictate that in a particular case powers explicitly granted should not be exercised."

There is also recognition of such administrative discretion in the case of United States v. Morton Salt Co., 338 U.S. 632, at pages 647–648, 70 S.Ct. 357, at page 366, 94 L.Ed. 401, in which the Supreme Court stated:

"We know that unquestioned powers are sometimes unexercised from lack of funds, motives of expediency, or the competition of more immediately important concerns."

And subsequently, in N. L. R. B. v. Denver Building and Construction Trades Council, 341 U.S. 675, at page 684, 71 S.Ct. 943, at page 949, 95 L.Ed. 1284, the Supreme Court stated:

"Even when the effect of activities on interstate commerce is sufficient to enable the Board to take jurisdiction of a complaint, the Board sometimes properly declines to do so,

stating that the policies of the Act would not be effectuated by its assertion of jurisdiction in that case."

For the reasons stated, I cannot come to the conclusion that the action of the Board in the instant case was arbitrary or capricious and, therefore, defendants' motion for summary judgment will be granted, and plaintiffs' motion for summary judgment will be denied.

Counsel will prepare an appropriate order to carry this decision into effect.