249 F.2d 506
 101 U.S.App.D.C. 414
 HOTEL EMPLOYEES LOCAL NO. 255, Hotel and Restaurant
Employees and Bartenders International Union, and
Hotel and Restaurant Employees and
Bartenders International
Union, A.F.L.C.I.O.,
Appellants,
v.
Boyd LEEDOM, individually and as Chairman, National Labor
Relations Board, et al., Appellees.
 No. 13765.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 7, 1957.
Decided Oct. 24, 1957.
 
 Mr. Benjamin Gettler, Cincinnati, Ohio of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of Court, with whom Mr. David E. Feller, Washington, D.C., was on the brief, for appellants.
 Mr. Arnold Ordman, Attorney, National Labor Relations Board, of the bar of the Supreme Court of Massachusetts, pro hac vice, by special leave of Court, with whom Messrs. Stephen Leonard, Associate General Counsel, National Labor Relations Board, Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, and John E. Jay, Attorney, National Labor Relations Board, were on the brief, for appellees.
 Before WILBUR K. MILLER, FAHY and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 We affirm on the opinion of District Judge Morris, 147 F.Supp. 306.
 
 
 2
 Affirmed.
 
 
 3
 FAHY, Circuit Judge (dissenting).
 
 
 4
 I would reverse. It seems to me to be inconsistent with the terms of section 9(c) of the Labor Relations Act, as amended, and therefore to constitute unlawful action by the Board, for it to refuse to assume jurisdiction over any representation case involving any hotel, notwithstanding 'a question of representation affecting commerce exists.'[1] The Act says that the Board shall take jurisdiction of questions of representation affecting commerce. The verb 'shall' was incorporated into section 9(c) by the Taft-Hartley Act in place of 'may' in the older Wagner Act.[2] The language is also to be contrasted with that relating to unfair labor practice cases,[3] where the Board is not required to file a complaint but is 'empowered' to do so.[4]
 
 
 5
 There is no intimation in the Act that the public[5] or employees or employers should be denied the benefits of the representation provisions simply because a hotel is involved. We need not decide whether the Board as a matter of discretion or policy can validly decline jurisdiction of some representation questions involving hotels, though commerce should be affected within the meaning of the Act. See N.L.R.B. v. Denver Bldg. Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284.[6] For in the present case the refusal of the Board to go forward was on the basis of a decision to exclude all questions of representation involving hotels. I think this is inconsistent with Offic Employes v. N.L.R.B., 353 U.S. 313, 77 S.Ct. 799, 1 L.Ed.2d 846, in which the opinion was handed down after the present case was decided by our District Court.
 
 
 6
 Jurisdiction in the District Court to entertain the action I think is amply sustained by our decision in Air Line Dispatchers Ass'n v. National Mediation Bd., 89 U.S.App.D.C. 24, 27, 189 F.2d 685, 688; see, also, Leedom v. Kyne, 101 U.S.App.D.C. 398, 249 F.2d 490, and cases cited.
 
 
 
 [1]
 49 Stat. 453 (1935), as amended 29 U.S.C.A 159(c)
 
 
 [2]
 See 29 U.S.C.A. 159(c)
 
 
 [3]
 Section 10 of the Act, 49 Stat. 453 (1935), as amended 29 U.S.C.A. 160
 
 
 [4]
 Of the four labor cases on which the District Court below relied for its decision on this point, three, N.L.R.B. v. Denver Bldg. Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284; N.L.R.B. v. Stoller, 9 Cir., 207 F.2d 305; N.L.R.B. v. Townsend, 9 Cir., 185 F.2d 378, dealt with unfair labor practices. The fourth, Optical Workers v. N.L.R.B., 5 Cir., 227 F.2d 687, though a representation case, was a denial of jurisdiction by the Board 'in that case,' see note 6, infra, because of the small amount of interstate business done by the company involved. There was no declination of jurisdiction over an entire industry. In fact, in none of the cases relied upon below was there such a declination. The only case in which the Board's refusal to exercise jurisdiction over an entire industry has been reviewed is Office Employes v. N.L.R.B., infra
 
 
 [5]
 The public character of the rights involved has been noted often by the Supreme Court. National Licorice Co. v. N.L.R.B., 309 U.S. 350, 363, 364, 366, 60 S.Ct. 569, 84 L.Ed. 799; N.L.R.B. v. Bradford Dyeing Ass'n, 310 U.S. 318, 60 S.Ct. 918, 84 L.Ed. 1226; Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 265, 60 S.Ct. 561, 84 L.Ed. 738; Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 237, 59 S.Ct. 206, 83 L.Ed. 126; N.L.R.B. v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 265, 58 S.Ct. 571, 82 L.Ed. 831
 
 
 [6]
 It is of special note that the Supreme Court in Office Employes quoted the following sentence from Denver Bldg. Council, adding the emphasis: 'the Board sometimes properly declines to (assert jurisdiction) stating that the policies of the Act would not be effectuated by its assertion of jurisdiction in that case.' 353 U.S. at page 318, 77 S.Ct. at page 802