BARNS, PAUL D., Associate Judge.
This is an appeal from an order denying defendant-appellant’s motion to set aside a final decree granting a permanent injunction in 1957, which was affirmed on appeal. See Painters’ Union Local 365 v. Fontainebleau, Fla.App.1958, 103 So.2d 130. We fail to find error and affirm.
The final decree of 1957 made permanent a temporary injunction previously entered which provided as follows:
“This cause coming on to be heard upon due notice on application of the plaintiff for a temporary injunction in accordance with the prayers of the complaint heretofore filed in this cause, and the Court having considered the sworn complaint, and admission by counsel representing defendant, *205 Union, that the defendant, Union, is not the bargaining agent for any of the employees of the hotel operated by the plaintiff, and having considered plaintiff’s Exhibits, numbered 1, 2, and 3, and after argument of counsel for the respective parties hereto, and being fully advised in the premises, it is thereupon,
“Ordered, adjudged and decreed as follows:
“1. That the defendant, Painters’ Local 365, AFL-CIO, and those under its dominance and control, be and they are hereby enjoined and restrained from in anywise picketing or patrolling the premises of the plaintiff as described in the complaint, or in anywise advertising to the public that there is any labor dispute existing between the said defendant Union and the plaintiff, Hotel.”
Subsequently, on June 9, 1959, the defendant union in the lower court filed a motion to set aside the permanent injunction, alleging that the sole and exclusive jurisdiction to determine the rights of the parties in respect to the picketing involved in this cause was now lodged in the National Labor Relations Board. Upon hearing on said motion the chancellor on July 20, 1959, denied same. It is from this order that the present interlocutory appeal has been prosecuted.
Appellant relies for reversal upon the premise that the policy of the National Labor Relations Board in 1957, when the in-j unction sought to be dissolved was rendered, was to withhold its jurisdiction over employer-employee relationships in the hotel industry. To establish the pursuit of such policy by the N. L. R. B. appellant cites the case of Hotel Employees Local No. 255 v. Leedom, D.C., 147 F.Supp. 306, affirmed by the Court of Appeals; Hotel Employees Local 255 v. Leedom, 101 U.S.App.D.C. 414, 249 F.2d 506. Such policy of the N. L. R. B. was held unjustified in 1958, by a decision of the United States Supreme Court reversing the foregoing decisions upon certiorari granted in the case of Hotel Employees Local No. 255 v. Leedom, 358 U.S. 99, 79 S.Ct. 150, 3 L.Ed.2d 143.
Appellant’s right to picket was in issue when the injunction was granted. The issue being determined adversely to the appellant, the decree became res judicata and appellant has failed to show that since then new rights have accrued to it which were not possessed at the time of the rendition of the decree assailed, e. g., representation of the employees, or otherwise. Since the rendition of the decree, Congress has enacted the Labor Management Act of 1959, Public Law 86-257, 73 Stat. 519, 29 U.S. C.A. § 401 et seq., but this act did not enlarge but curtailed the rights of labor.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.